MONA Z. HANNA (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:(714) 557-7990
Facsimile: (714) 557-7991

SETH E. DARMSTADTER (admitted *pro hac vice*)
sdarmstadter@mrllp.com
**MICHELMAN & ROBINSON, LLP**
200 South Wacker Drive, Suite 2900
Chicago, IL 60606
Telephone:(312) 638-5671
Facsimile: (312) 638-5672

Attorneys for Plaintiff and Counterclaim Defendant
STRATEGIC PARTNERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| STRATEGIC PARTNERS, INC., | Case No.:  2:16-CV-5900-RGK |
| Plaintiff, | Judge:  Hon. R. Gary Klausner |
| vs. | **STRATEGIC PARTNERS, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| VESTAGEN PROTECTIVE TECHNOLOGIES, INC., | |
| Defendant. | **Trial Date:** September 5, 2017<br>**Time:** 9:00 a.m.<br>**Courtroom:** 850 |
| VESTAGEN PROTECTIVE TECHNOLOGIES, INC., | Complaint Filed: August 8, 2016 |
| Counterclaim Plaintiff, | Final Status Conference:  August 21, 2017 |
| vs. | |
| STRATEGIC PARTNERS, INC., | |
| Counterclaim Defendant. | |

Pursuant to Local Rule 16-4 and the Court's orders, Plaintiff and Counterclaim Defendant Strategic Partners, Inc. ("SPI") respectfully submits the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties regarding the trial scheduled to commence on September 5, 2017.

## I.   INTRODUCTION AND FACTUAL BACKGROUND

SPI will prove at trial that Defendant Vestagen Protective Technologies, Inc. ("Vestagen") unfairly competed in the marketplace for antimicrobial fluid barrier scrubs by the use of false and misleading advertising.  While antimicrobial fluid barrier scrubs protect the actual garment itself, no scientific study performed by Vestagen shows that its Vestex scrubs protect the hospital care worker wearing the scrubs or the patient.  Despite this fact, Vestagen's advertising made many false and misleading statements, such as "Vestex is Antimicrobial – Reduces 99.99% of bacteria in a hospital setting."  Vestagen cited to a study performed by Gonzalo Bearman in support of its false and misleading statements.  Dr. Bearman's study, however, only found a reduction of MRSA, a type of bacteria, on certain areas of the Vestex garment itself.  Thus, Vestagen has no basis to claim that Vestex reduces 99.99% of **[all] bacteria** in a *hospital setting*.

Importantly, the National Advertising Division ("NAD") of the Better Business Bureau has already investigated Vestagen's advertising claims and found that Vestagen has engaged in false and misleading advertising.  Specifically, the NAD found that a number of Vestagen's express and implied advertising claims were likely to mislead consumers.  For example, the NAD "concluded that the Bearman Study did not constitute competent and reliable evidence sufficient for advertising claim substantiation purposes – particularly the health claims made by Vestagen."  As a result, the NAD ruled that Vestagen should discontinue or modify its advertising claims based on the Bearman study and that Vestagen should not advertise that the Vestex product could protect health care workers or patients from pathogens and other contaminants.

1    The NAD ruled in July 2016.  By that time Vestagen had already attracted

2  customers such as Baptist Health hospital in Jacksonville, Florida.  Press releases

3  from Baptist Health showed that it purchased Vestagen's products because Baptist

4  Health believed they could protect its workers and patients from pathogens and other

5  contaminants.  Thus, the same advertising the NAD found impermissible was the

6  reason Vestagen had success in the marketplace.  While Vestagen made many changes

7  to its advertising in response to the NAD's ruling, it did not make all the necessary

8  changes within an appropriate time frame.  Thus, Vestagen continued to make sales

9  due to its false and misleading advertising after the NAD's ruling.

10    While Vestagen's advertising crossed the line, SPI made sure that its

11  advertising was truthful and supported by science.  SPI did not advertise that its

12  competing antimicrobial fluid barrier technology Certainty Plus could protect the

13  health care worker, only the scrub's fabric itself.  Thus, Vestagen operated with an

14  unfair advantage in the marketplace by advertising its Vestex product in a false and

15  misleading manner.  The injury suffered by SPI as a result of Vestagen's false

16  advertising, including lost sales to Vestagen, led SPI to file this lawsuit.

17    In retaliation for SPI filing this lawsuit, Vestagen filed meritless counterclaims.

18  Vestagen alleges SPI misappropriated Vestagen trade secrets and breached a

19  confidentiality agreement dating back to when Vestagen approached SPI about

20  partnership in 2011.  Vestagen, however, does not possess any trade secrets regarding

21  technology as it obtains its antimicrobial fluid barrier technology from third parties.

22  SPI obtains its antimicrobial fluid barrier technology from different third-party

23  companies.  Thus, SPI has not misappropriated any of Vestagen's trade secrets,

24  especially since Vestagen has no technological trade secrets to misappropriate.

25    Vestagen also accused SPI of false advertising.  This Court previously

26  dismissed many of Vestagen's false advertising claims.  The few claims the Court did

27  not dismiss, Vestagen has presented no evidence of falsity or a tendency to mislead

28  consumers.  Vestagen has not conducted a consumer survey to show whether

consumers may be confused by SPI's advertisements.  By contrast, SPI did perform such a survey with respect to Vestagen's advertising, and the results showed that Vestagen's advertising was misleading and material to consumer purchase decisions. Vestagen also does not have any testimony from consumers of SPI products that the consumers bought SPI products because of the advertising claims at issue.  SPI does have such evidence from consumers of Vestagen products.

In sum, while SPI has a factual record replete with evidence that the jury should find Vestagen liable for false advertising, Vestagen has no support for its baseless and merely retaliatory claims against SPI.

## II.    THE PARTIES CLAIMS AND DEFENSES [L.R. 16-4.1]

### A.    Summary of SPI's Claims Against Vestagen [L.R. 16-4.1(a)]

SPI has asserted, and intends to pursue, three causes of action against Vestagen:

(a) Vestagen has engaged in False Advertising in Violation of 15 U.S.C. Section 1125(a);

(b) Vestagen has engaged in Unfair Business Practices in Violation of Cal. Bus & Prof. Code Section 17200; and

(c) Vestagen has engaged in Untrue and Misleading Advertising in Violation of Cal. Bus & Prof. Code Section 17500.

### B.    Elements of Proof Required to Establish SPI's Claims [L.R. 16-4.1(b)]

SPI had the burden of proving the following elements with respect to its three causes of action:

**(a)    False Advertising in Violation of 15 U.S.C. Section 1125(a):**

     i. A false statement of fact by the defendant in a commercial advertisement about its own or another's product;

     ii. The statement actually deceived or has the tendency to deceive a substantial segment of its audience;

1                  iii.  The deception is material, in that it is likely to influence the

2                           purchasing decision;

3                  iv.  The defendant caused its false statement to enter interstate

4                           commerce; and

5                  v.  The plaintiff has been or is likely to be injured as a result of the

6                           false statement, either by direct diversion of sales from itself to

7                           defendant or by a lessening of the goodwill associated with its

8                           products.

9  *Southland Sod. Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

10         **(b)**    **Unfair Business Practices in Violation of Cal. Bus & Prof.**

11                **Code Section 17200:**

12                  i.  California's Unfair Business Practices Act defines unfair

13                        competition as any unlawful, unfair, or fraudulent business act

14                        or practice and unfair, deceptive, untrue or misleading

15                        advertising.

16                 ii.  Persons seeking to state a claim under Section 17200 need not

17                        prove elements of a tort, but must only show that members of

18                        the public are likely to be deceived.

19  *Montano v. Eagle III Diversified, Inc.*, 2002 WL 1352080 at *4 (C.D. Cal. Jan. 10,

20  2002).

21         **(c)**    **Untrue and Misleading Advertising in Violation of Cal. Bus**

22                **& Prof. Code Section 17500:**

23                  i.  To make out an FAL claim, a plaintiff must show that a

24                        company, with intent to dispose of property, disseminated an

25                        untrue or misleading statement about that property, which the

26                        company knew or should have known to be untrue of

27                        misleading.

28  *Webb v. Carter's Inc.*, 272 F.R.D. 489, 503 (C.D. Cal. Feb. 3, 2011).

## C.    Key Evidence in Support of SPI's Claims [L.R. 16-4.1(c)]

SPI will introduce the following key evidence in support of all three of its causes of action:

(a) Evidence showing the falsity of Vestagen's advertising, including, but not limited to, expert testimony from Dr. John Mitchell, testimony from Vestagen witnesses, including, but not limited to, Dawn Clarke, Marc Lessem, Bill Bold, and Ben Favret, and key documents, including, but not limited to, the NAD's investigation regarding Vestagen's advertising;

(b) Evidence showing Vestagen's advertising actually deceived or has the tendency to deceive a substantial segment of its audience, including, but not limited to, expert testimony from Steve Roth who will opine on the results of a consumer survey, testimony from Vestagen customers, such as Dianne Raines, and key documents, including, but not limited to, press releases from Baptist Health regarding its decision to purchase Vestagen products;

(c) Evidence showing Vestagen's advertising's deception is material, in that it is likely to influence the purchasing decision, including, but not limited to, expert testimony from Steve Roth who will opine on the results of a consumer survey, testimony from Vestagen customers, such as Dianne Raines, and key documents, including, but not limited to, press releases from Baptist Health regarding its decision to purchase Vestagen products;

(d) Evidence showing Vestagen caused its false statement to enter interstate commerce, including, but not limited to Vestagen's advertisements themselves, and testimony from Vestagen witnesses and customers; and

(e) Evidence showing SPI has been or is likely to be injured as a result of Vestagen's false statements, either by direct diversion of sales from SPI to Vestagen or by a lessening of the goodwill associated with SPI's products, including, but not limited to, financial documents produced by Vestagen and SPI showing sales and revenue, testimony from expert witness David

Weiner, testimony from SPI witnesses such as Mike Singer and Renata Ritcheson showing SPI lost sales to Vestagen as a result of Vestagen's false advertising, and testimony from Vestagen customers regarding their purchase of Vestagen products.

**D.**   **Summary of Vestagen's Counterclaims and Affirmative Defenses [L.R. 16-4.1(d)]**

Vestagen asserted five counterclaims against SPI but this Court dismissed Vestagen's second counterclaim for violation of Section 17200 and Vestagen's fifth counterclaim for unjust enrichment. Vestagen has three remaining counterclaims that SPI anticipates Vestagen to present evidence regarding at trial:

(a) False Advertising in Violation of 15 U.S.C. Section 1125(a);

(b) Breach of Contract; and

(c) Misappropriation of Trade Secrets

Vestagen has asserted the following 21 affirmative defenses in response to SPI's Complaint:

(a) Standing

(b) Lack of personal jurisdiction

(c) Venue

(d) Primary Jurisdiction

(e) Administrative Law

(f) Preclusion

(g) Preemption

(h) No private right of action

(i) Mootness

(j) Failure to state a claim

(k) No violation of law

(l) Lack of Causation

(m)    Lack of Injury

6

1    (n) Good Faith

2    (o) Unclean Hands

3    (p) Failure to mitigate damages

4    (q) Punitive damages inapplicable

5    (r) Estoppel

6    (s) Waiver

7    (t) U.S. Constitution

8    (u) Reservation of Rights

9    **E.      Elements of Proof Required to Establish Vestagen's Counterclaims**

10   **and Affirmative Defenses [L.R. 16-4.1(e)]**

11   Vestagen has the burden of proving the following elements with respect to its

12   three causes of action:

13   **(a)      False Advertising in Violation of 15 U.S.C. Section 1125(a):**

14   i.   A false statement of fact by the defendant in a commercial

15   advertisement about its own or another's product;

16   ii.   The statement actually deceived or has the tendency to deceive a

17   substantial segment of its audience;

18   iii.   The deception is material, in that it is likely to influence the

19   purchasing decision;

20   iv.   The defendant caused its false statement to enter interstate

21   commerce; and

22   v.   The plaintiff has been or is likely to be injured as a result of the

23   false statement, either by direct diversion of sales from itself to

24   defendant or by a lessening of the goodwill associated with its

25   products.

26   *Southland Sod. Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)

27   **(b)      Breach of Contract**

28   i.   The existence of a contract;

ii. Vestagen's performance or excuse for nonperformance;

iii. SPI's breach; and

iv. Resulting damage to Vestagen.

*Reinhardt v. Gemini Motor Transport*, 879 F.Supp.2d 1138, 1143 (E.D. Cal. July 18, 2012).

### (c)    Misappropriation of Trade Secrets

i. The existence of a trade secret; and

ii. Misappropriation of the trade secret.

*Acculmage Diagnostic Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941, 950 (N.D. Cal. April 18, 2003).

### (d)    Improper Affirmative Defenses

Vestagen asserts more than twenty so-called "affirmative defenses." Many of these "affirmative defenses" are not affirmative defenses but simply purport to negate elements of SPI's claims. *See e.g.*, Tenth Affirmative Defense ("Failure to State a Claim"), Eleventh Affirmative Defense ("No Violation of Law"), Twelfth Affirmative Defense ("Lack of Causation"), Thirteenth Affirmative Defense ("Lack of Injury"), and Fourteenth Affirmative Defense ("Good Faith"). Many of Vestagen's other affirmative defenses are jurisdictional questions or matters of law regarding the interplay of federal and state law. *See e.g.*, Second Affirmative Defense ("Lack of Personal Jurisdiction"), Third Affirmative Defense ("Venue"), Fourth Affirmative Defense ("Primary Jurisdiction"), Fifth Affirmative Defense ("Administrative Law"), Sixth Affirmative Defense ("Preclusion"), Seventh Affirmative Defense ("Preemption"), Eighth Affirmative Defense ("No Private Right of Action"), Ninth Affirmative Defense ("Mootness"), and Twentieth Affirmative Defense ("U.S. Constitution")

SPI addresses the affirmative defenses that may be relevant to the jury based on SPI's current belief on what Vestagen may argue at trial.

///

8

(e)      **Fifteenth Affirmative Defense – Unclean Hands**

Vestagen alleges that SPI's claims against Vestagen are barred by SPI's unclean hands.  To prevail on this affirmative defense Vestagen must show by a preponderance of the evidence:

(i)   Inequitable conduct by SPI;

(ii)  That SPI's conduct directly relates to the claim which it has asserted against Vestagen; and

(iii) That SPI's conduct injured Vestagen.

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007) (citing *Survivor Productions LLC v. Fox Broad. Co.*, 2001 WL 35829270, at *3 (C.D. Cal. June 12, 2001)).

(f)      **Sixteenth Affirmative Defense – Failure to Mitigate Damages**

Vestagen alleges that SPI's claims are barred on the ground that SPI has failed to mitigate any claimed damages.  To prevail on this affirmative defense Vestagen must show by a preponderance of the evidence:

(i)  That the damages suffered by SPI could have been avoided; and

(ii) That SPI failed to use reasonable care and diligence in avoiding the damages

*Sias v. City of Demonstration Agency*, 588 F.2d 692, 696-97 (9th Cir. 1978)

(g)      **Eighteenth Affirmative Defense – Estoppel**

Vestagen alleges that SPI's claims are barred by the doctrine of estoppel.  To prevail on this affirmative defense Vestagen must show by a preponderance of the evidence:

(i)   SPI must know the facts;

(ii)  SPI must intend that its conduct shall be acted on or must so act that Vestagen has a right to believe it is so intended;

(iii) Vestagen must be ignorant of the true facts; and

9

1      (iv) Vestagen must rely on the former's conduct to its injury.

2  *U.S. v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978)

3          **(h)    Nineteenth Affirmative Defense – Waiver**

4      Vestagen alleges that SPI's claims are barred by the doctrine of waiver.  To

5  prevail on this affirmative defense Vestagen must show by a preponderance of the

6  evidence:

7              (i)   The intentional relinquishment of a known right with knowledge of

8                    its existence; and

9              (ii) The intent to relinquish that right.

10 *U.S. v. King Features Entm't., Inc.*, 843 F.2d 394, 399 (9th Cir. 1988)

11     **F.    Key Evidence in Opposition to Vestagen's Counterclaims and**

12          **Affirmative Defenses [L.R. 16-4.1(f)]**

13     SPI will introduce the following key evidence in opposing Vestagen's false

14 advertising counterclaim:

15     Evidence showing the veracity of SPI's advertising, including, but not limited

16 to, the testimony of Mike Singer and Renata Ritcheson, the expert testimony of Dr.

17 John Mitchell, and key documents related to SPI's advertising and the truth behind

18 the claims made in SPI's advertising.

19     SPI will introduce the following key evidence in opposing Vestagen's breach

20 of contract and misappropriation of trade secrets counterclaims:

21     Evidence showing that Vestagen does not possess any technological trade

22 secrets as it obtains its technology from third parties, including, but not limited to the

23 testimony of Vestagen witnesses such as Dawn Clarke, and Vestagen's agreements

24 with third parties from who it licenses technology.

25     Evidence showing that SPI has utilized a different approach to the technology

26 behind its products, including, but not limited to, the testimony of Mike Singer and

27 Renata Ritcheson, the expert testimony of Dr. John Mitchell, testimony of Vestagen

28 witnesses such as Dawn Clarke, and key documents showing SPI obtaining

technology from third parties different from those who Vestagen obtains its technology.

SPI will introduce the following key evidence in opposing Vestagen's affirmative defenses:

SPI incorporates the evidence that it has listed above to support its claims and to oppose Vestagen's counterclaims.

Further, SPI will rely on testimony of Vestagen customers such as Dianne Raines, and the expert testimony of Steve Roth regarding the consumer survey, to show that SPI could not have reasonably prevented the loss of sales to Vestagen in opposition to Vestagen's affirmative defense of failure to mitigate damages.

Also, SPI will introduce evidence that it filed suit timely through the testimony of witnesses such as Mike Singer and Renata Ritcheson, as well as key documents establishing the schedule on which SPI filed its lawsuit after learning of Vestagen's false advertising.

**G.      Similar Statements from All Third Parties [L.R. 16-4.1(g)]**

SPI is unaware of any statements that need to be made by third parties.

**H.      Anticipated Evidentiary Issues [L.R. 16-4.1(h)]**

As reflected in its Motions *in Limine,* SPI believes the Court should exclude the following evidence:

1.   Evidence requested, but not produced, in discovery (Dkt. #69);

2.   Vestagen's experts' testimony that exceeds the scope of their expert reports (Dkt. #70);

3.   Arguments that the antimicrobial or fluid barrier technologies used in the Vestex fabrics are Vestagen's trade secrets or were misappropriated by SPI (Dkt. #71);

4.   Expert testimony in support of any damages claim made by Vestagen (Dkt. #72);

5.   Mention of the Florida action filed against SPI by Vestagen (Dkt.

#73);

6.  Bruce Silverman from testifying as to his unfounded opinions in paragraphs 19-22 of his expert report (Dkt. #74);

7.  False advertising claims previously found nonactionable by the Court (Dkt. #75).

8.  Third party websites' advertising of SPI products (Dkt. #76);

9.  Evidence not previously produced, including expert testimony in support of Vestagen's claim that SPI's use of the phrase "continually reduced" is false or misleading (Dkt. #77); and

10. Sales and or revenue SPI derived from any products other than Certainty of Certainty Plus (Dkt. #78).

Additionally, Vestagen has filed the below motions in limine.  SPI opposes each of Vestagen's motions in limine.

1.  Motion in Limine #1 to exclude witnesses not identified by Strategic Partners, Inc. prior to the discovery cutoff.  (Dkt. #67);

2.  Motion in Limine #2 to exclude findings and decisions of the National Advertising Board and reference thereto (Dkt. #68-3);

3.  Motion in Limine #3 to exclude any testimony and/or reports of economic injury of Strategic Partners, Inc. (Dkt. #68-4);

4.  Motion in Limine #4 to exclude the expert report of Steve Roth and all relied-upon materials (Dkt. #68-5); and

5.  Motion in Limine #5 to exclude certain opinions set forth in the expert report of John Mitchell (Dkt. #68-6).

**I.  Anticipated Legal Issues [L.R. 16-4.1(i)]**

SPI is not aware of any disputed issues of law at this time.

**III.  <u>BIFURCATION OF ISSUES [L.R. 16-4.3]</u>**

SPI does not request bifurcation of any issues.

**IV.     JURY TRIAL [L.R. 16-4.4]**

SPI's claim for false advertising in violation of 15 U.S.C. Section 1125(a) is subject to a timely request for a jury trial.  SPI's claims for Unfair Business Practices in violation of Cal. Bus & Prof. Code Section 17200 and Untrue and Misleading Advertising in violation of Cal. Bus & Prof. Code Section 17500 are equitable claims not subject to a jury trial.

**V.      ATTORNEYS FEES [L.R. 16-4.5]**

Plaintiff will seek attorney's fees in this case pursuant to 15 U.S.C. Section 1117 and California Code of Civil Procedure Section 1021.5.

**VI.    ABANDONMENT OF ISSUES [L.R. 16-4.6]**

On November 23, 2016, this Court ruled on SPI's motion to dismiss Vestagen's Counterclaims ("Order").  (See Order as Dkt. #34).  The Court agreed with SPI that Vestagen could not state claims for Unfair Business Practice in Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200 (see pg. 6 of Order) or Unjust Enrichment.  (See pg. 9 of Order).  The Court thus dismissed these two pleaded Counterclaims.   The Court also dismissed several of the alleged misrepresentations that Vestagen claimed could serve as the basis for a false advertising claim.  (See pg. 3 of Order).

Additionally, Vestagen abandoned several other issues and claims by failing to submit factual or expert evidence as required.  Vestagen chose not to submit any expert testimony related to its alleged damages that it claims to have suffered.  Vestagen has also not disclosed any factual evidence in discovery in support of its damages claims.   Thus, Vestagen has waived the right to obtain compensatory damages as to its Counterclaims for false advertising, misappropriation of trade secrets, and breach of contract.  (Dkt. #72).

Vestagen has also abandoned all but one of the claims on which it may maintain its false advertising Counterclaim.  Vestagen failed to submit any evidence that SPI's claim that bacteria is continually reduced is false or misleading.  As such Vestagen

13

has abandoned this claim.  (Dkt. #77).  Further, Vestagen has taken a claim from an unnamed third-party website unaffiliated with SPI and alleged that this third-party claim can support a false advertising action.  Because Vestagen has not disclosed the name of this third-party website or how SPI can be held liable for claims appearing on a website not controlled by SPI, Vestagen has abandoned all false advertising claims based on third-party websites.  (Dkt. #76).  The only SPI advertisement that survived the Court's Order that Vestagen has submitted evidence on (albeit inadequate evidence – see Dkt. #74) is SPI's claim that bacteria cells are rendered ineffective immediately.  This should be the only advertisement which Vestagen may argue as false or misleading to the jury.

SPI has not abandoned any of its three causes of action or defenses to Vestagen's remaining three Counterclaims.


Dated:  July 31, 2017                    **MICHELMAN & ROBINSON, LLP**

                                         By:  /s/ Seth E. Darmstadter
                                             Mona Z. Hanna
                                             Seth E. Darmstadter
                                             Robert Estrin
                                             Attorneys for Plaintiff and
                                             Counterclaim Defendant,
                                             STRATEGIC PARTNERS, INC

**STRATEGIC PARTNERS, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**