VINCE M. VERDE (SBN 202472)
vince.verde@ogletreedeakins.com
SEAN PAISAN (SBN 227727)
sean.paisan@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Counter-Claimant Vestagen Protective Technologies, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., <br><br>Plaintiff, <br><br>vs. <br><br>VESTAGEN PROTECTIVE TECHNOLOGIES, INC., <br><br>Defendant. <br><br>VESTAGEN PROTECTIVE TECHNOLOGIES, INC., <br><br>Counter-Claimant, <br><br>vs. <br><br>STRATEGIC PARTNERS, INC. <br><br>Counter-Defendant. | Case No. 2:16-CV-5900-RGK (PLA) <br><br>**VESTAGEN PROTECTIVE TECHNOLOGIES, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br>Complaint Filed:    August 8, 2016 <br>Counterclaims Filed: September 19, 2016 <br>Trial Date:         September 5, 2017 <br><br>District Judge:    Hon. R. Gary Klausner <br>Magistrate Judge: Hon. Paul L. Abrams |

Defendant and Counter-Claimant Vestagen Protective Technologies, Inc. ("Vestagen" or "Defendant/Counter-Claimant") hereby submits its Memorandum of Contentions of Fact and Law pursuant to Rule 16-4 of the Local Rules of the United States District Court for the Central District of California:

## I. INTRODUCTION

Vestagen, a small medical technology company, was founded to develop and market high performance textiles, primarily for the healthcare industry. Vestagen spent several years and millions of dollars developing VESTEX Active Barrier fabric, which is comprised of a *unique combination* of technologies designed for use in garments for healthcare workers. VESTEX technology is founded on a *dual mechanism* of action where a formulation of durable fluid and oil repellency chemistry, originally a nanotechnology, and an antimicrobial along with a crosslinking agent and other auxiliaries, is applied to the fabric so that the net performance of the fabric demonstrates *both a fluid barrier and antimicrobial performance*.

VESTEX was developed through extensive research and development efforts. Through the course of that effort, Vestagen developed valuable trade secrets and other confidential information relating to its research studies, product design, and marketing plans. As a result of Vestagen's significant expenditure of resources into research and development, VESTEX can provide durable fluid and oil repellency as well as antimicrobial performance, both initially and post home and healthcare laundering cycles, in VESTEX garments for healthcare workers.

Strategic Partners, Inc. ("SPI" or "Plaintiff") holds itself out as the "the industry leader in the design, manufacture and distribution of high-quality, fashion-inspired medical apparel, medical footwear and school uniforms." SPI is a giant in comparison to Vestagen; the "nation's largest provider of non-hospital-laundered scrubs."

1
VESTAGEN PROTECTIVE TECHNOLOGIES, INC.'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

SPI had performed no meaningful research in this field and had no product of its own to compete with VESTEX. SPI was dead in the water. So, it did what any giant corporation would do to a small company SPI described as a "thorn in its side." SPI began an elaborate campaign involving theft, deceit, sabotage, misinformation, false allegations, NAD complaints, and culminated it all with this lawsuit.

SPI lured Vestagen into a proposed partnership it had no intention of consummating. After gaining Vestagen's trust, SPI took Vestagen's hard earned scientific and market research not with force, but with a smile and a promise of a successful partnership. Then, with Vestagen's confidential information, SPI secretly developed a product to compete with VESTEX, while using confidential information regarding the market to the detriment of Vestagen.

SPI then instituted complaints against Vestagen with the National Advertising Division ("NAD") of the Better Business Bureau, in an effort to besmirch Vestagen's name and gain a competitive advantage in the marketplace. SPI filed this lawsuit before the NAD had the chance to determine whether or not Vestagen's advertising material remedied any alleged false or misleading claims. Despite the fact that the NAD issued a decision in October 2016 determining that Vestagen had corrected any allegedly misleading statements in its advertising, SPI continues to litigate its lawsuit against Vestagen to continue its campaign against Vestagen. Vestagen considers any decision issued by the NAD as non-binding in nature and serves no precedential effect on this case.

## II. CLAIMS AND DEFENSES (L.R. 16-4.1)

### A. Plaintiff's Claims

Plaintiff STRATEGIC PARTNERS, INC. ("SPI") alleges the following claims against Defendant and Counter-Claimant Vestagen: (1) False Advertising in Violation of 15 U.S.C. section 1125(a); (2) Unfair Business Practices in Violation of Cal. Bus. & Prof. Code section 17200; and (3) Untrue and Misleading Advertising of

2

Cal. Bus. & Prof. Code section 17500.

## B. Elements Required to Establish Plaintiff's Claims

### 1. Claim No. 1: False Advertising in Violation of 15 U.S.C. section 1125(a)

The elements required to establish false advertising in violation of Lanham Act, 15 U.S.C. § 1125(a) are:

(1) a false statement of fact by the defendant in a commercial advertisement about its own or another s product;

(2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience;

(3) the deception is material, in that it is likely to influence the consumer purchasing decision;

(4) the defendant caused its false statement to enter interstate commerce; and

(5) the plaintiff has been or is likely to be injured as a result of the false statement, either by a direct diversion of sales from itself to defendant or by a lessening of the good will associated with its products.

There are two types of advertisements that can be the basis for a Lanham Act violation:

(1) a statement that is "literally false"; or

(2) a statement that is "literally true" but likely to mislead or confuse consumers.

*Id.*

### 2. Claim No. 2: Unfair Business Practices in Violation of Cal. Bus. & Prof. Code section 17200

To establish this claim, SPI must prove all of the following:

1. Vestagen engaged in an unlawful, unfair, or deceptive business practice;

2. Plaintiff suffered actual injury as a result of Vestagen's unlawful, unfair,

or deceptive business practice; and

    3.    Vestagen's unlawful, unfair, or deceptive business practice significantly threatens or harms competition.

Cal. Bus. & Prof. Code § 17200.

As the California Supreme Court held in a landmark case: "When a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) Cal.4th 163, 187. The Court said that "[a]lthough the unfair competition law's scope is sweeping, it is not unlimited. Courts may not simply impose their own notions of the day as to what is fair or unfair." *Id*. at 182.

### 3. Claim No. 3: Untrue and Misleading Advertising of Cal. Bus. & Prof. Code section 17500

Section 17500 provides in relevant part, as follows:

> "It is unlawful for any person, firm, corporation or association…with intent…to dispose of real or personal property…or to induce the public to enter into any obligation relating thereto, to make or disseminate…any statement, concerning that real or personal property....or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or by the exercise of reasonable care should be known, to be untrue or misleading…"

To state a claim for false advertising under section 17500, the plaintiff must show that (1) the statements in the advertising are untrue or misleading; and (2) the defendant knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading. *People v. Lynam*, 253 Cal.App.2d 959, 965

4

(1967). A defendant's knowledge of the falsity of the advertisement is not an element of a Section 17500 offense, as it prohibits both negligent and intentional dissemination of misleading advertising. *Feather River Trailer Sales, Inc. v. Sillas*, 96 Cal.App.3d 234, 247 (1979); *People v. Forest E. Olson, Inc.*, 137 Cal.App.3d 137, 139 (1982); *Khan v. Med. Bd.*, 12 Cal.App.4th 1834, 1846 (1993). The proper standard to determine whether a claim is misleading is the reasonable consumer test. *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1267 (1992); *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496 (2003). The court may dismiss the matter if it determines that no reasonable consumer would have been misled by the alleged misrepresentation. *Haskell v. Time, Inc.*, 857 F.Supp. 1392, 1399 (E.D.Cal. 1994).

### C. Brief Description of Key Evidence in Opposition to Plaintiff's Claims

#### 1. False Advertising in Violation of 15 U.S.C. section 1125(a)

SPI has not presented any competent evidence that any claim by Vestagen regarding its Vestex products were false or misleading. SPI has based its case entirely on the NAD decisions against Vestagen. However, none of these decisions are admissible.

To fill the void, SPI has retained two experts. SPI tasked the first expert, John A. Mitchell, with opining that Vestagen's claims with regards to Vestex's antimicrobial properties were false or misleading. Dr. Mitchell previously worked in a lab specializing in clinical testing of antimicrobial chemistries yet he performed no testing to determine the veracity of Vestagen's claims. Nevertheless, he concludes that the claims are false and the studies they relied upon are unreliable. Dr. Mitchell's attacks on the studies themselves are unpersuasive as they as based entirely on unsupported assumptions as to how the studies were performed.

Dr. Mitchell goes further and claims that Vestagen's representations likely misled its customers. This is an empty statement. Dr. Mitchell did not speak to any of Vestagen's customer or potential customers or review any materials that would

provide him with such insight.

SPI also retained a marketing research expert, Stephen Roth, to opine that Vestagen's representations regarding Vestex were misleading. Mr. Roth's opinion is based entirely on a market research study created and performed by an unknown third party. As set forth in the rebuttal report prepared by Vestagen's expert, this survey and the conclusions it draws are deeply flawed and should not be admitted as evidence at trial.

Even if Vestagen's advertising was misleading or false, SPI has failed to demonstrate it is entitled to any remedy. An injunction is unnecessary in this case because Vestagen has changed its advertising in response to SPI's complaint to the NAD and The NAD has since found that Vestagen's current advertising is accurate. SPI is furthermore not entitled to lost profits because Vestagen, as a company, has yet to become profitable.

### 2. Unfair Business Practices in Violation of Cal. Bus. & Prof. Code section 17200

This claim fails as Vestagen has not engaged in any unlawful, unfair, or deceptive business practice that significantly threatens or harms competition. Moreover, SPI has failed to introduce any evidence that any statements Vestagen made to its customers misled them. Moreover, just as with the Lanham Act claims, SPI has not demonstrated that an injunction is needed here or that Vestagen made any profit that would need to be disgorged.

### 3. Misleading Advertising of Cal. Bus. & Prof. Code section 17500

SPI's Cal. Bus. & Prof. Code section 17500 claim against Vestagen is premised on the same allegations as its claim for False Advertising in Violation of 15 U.S.C. section 1125(a). Therefore, Vestagen refers to and incorporates herein by reference the evidence cited in section C(1).

///

6
VESTAGEN PROTECTIVE TECHNOLOGIES, INC.'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

### D. Summary of Defendant's Counter-Claims

Vestagen asserts the following Counter-Claims: (1) False Advertising in Violation of Lanham Act, 15 U.S.C. § 1125(a); (2) Breach of Contract; and (3) Misappropriation of Trade Secrets.

### E. Elements Required to Establish Vestagen's Claims

#### 1. Claim No. 1: False Advertising in Violation of Lanham Act, 15 U.S.C. § 1125(a)

A false advertising claim under the Lanham Act has five elements. *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citing 15 U.S.C. § 1125(a)(1)(13)). These elements are:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Ibid.* citing 15 U.S.C. § 1125(a) and *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

#### 2. Claim No. 2: Breach of Contract

The elements required to establish Breach of Contract are:

(1) the existence of a contract;

(2) Vestagen's performance of all, or substantially all, the significant things that the contract required;

7

VESTAGEN PROTECTIVE TECHNOLOGIES, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

(3) SPI's breach of the contract; and

(4) damages flowing from the breach.

*CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008); CACI 303.

### 3. Claim No. 3: Misappropriation of Trade Secrets

The elements required to establish a claim for misappropriation of trade secrets are:

(1) the existence of a trade secret;

(2) the misappropriation of that secret;

(3) that Vestagen was harmed or that SPI was unjustly enriched; and

(4) that the misappropriation was a substantial factor in causing the harm to Vestagen and/or the unjust enrichment of SPI.

*Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012); CACI 4401

### F. **Key Evidence in Support of Defendant's Counterclaims and Affirmative Defenses**

#### 1. False Advertising in Violation of Lanham Act, 15 U.S.C. § 1125(a)

SPI has no evidence to support its advertising claim that its antimicrobial technology works "immediately." Specifically, SPI has claimed, and is still claiming, that: "The antimicrobial fabric technology in Certainty and Certainty Plus starts to *work upon contact* with unwanted bacteria on the fabric. The technology affects the ability of the cell to replicate as well as its ability to remain viable; essentially the bacteria cell is rendered ineffective *immediately*."

SPI's claim falsely and misleadingly conveys the message that its technology works instantaneously, and that it has been proven through competent and reliable scientific studies to work instantaneously. To the contrary, the testing data produced by SPI confirms that the testing was performed *24 hours after* the fabric was

inoculated with bacteria. As such, SPI's claims are false and misleading.

The key testimony in support of Defendant's counterclaims will be SPI's advertisements for its Certainty and Certainty Plus products; SPI's testing regarding its Certainty and Certainty Plus products; and scientific evidence regarding silver-based technology.

### 2. Breach of Contract

SPI and Vestagen entered into a binding NDA limiting the use of any confidential information and trade secrets SPI received under that Agreement. Vestagen performed under the NDA. SPI breached the NDA by using the confidential and proprietary information it received under that Agreement to develop, launch and market a product designed to lure customers away from Vestagen. SPI's breach of the NDA has denied Vestagen sales, diverted sales from Vestagen to SPI, and otherwise done harm to Vestagen's reputation and goodwill. Vestagen has suffered damages as a direct and proximate result of SPI's breach, in an amount to be proven at trial.

The key testimony in support of Defendant's counterclaims will be the Parties' 2011 non-disclosure agreement; emails and other communications between Vestagen and SPI, internal SPI communications; information regarding Vestex technology; information regarding SPI's Certainty and Certainty Plus products; and the testimony of multiple witnesses such as Ben Favret, Renata Richardson, Michael Singer, Wendell Mobley, among others.

### 3. Misappropriation of Trade Secrets

The materials and market information provided to SPI pursuant to the NDA, as described above, constitute trade secrets under applicable state law. SPI misappropriated, and used without authorization, Vestagen's trade secrets obtained in connection with the NDA. The misappropriation of Vestagen's trade secrets was willful and malicious. Vestagen has been injured as a proximate result of the

misappropriation of trade secrets by SPI. SPI has been unjustly enriched as a proximate result of its misappropriation of trade secrets.

The key testimony in support of Defendant's counterclaims will be the Parties' 2011 non-disclosure agreement; emails and other communications between Vestagen and SPI, internal SPI communications; information regarding Vestex technology; information regarding SPI's Certainty and Certainty Plus products; and the testimony of multiple witnesses such as Ben Favret, Renata Richardson, Michael Singer, Wendell Mobley, among others.

### G. Summary of Defendant's Affirmative Defenses & Elements

Vestagen raises the following affirmative defenses: Unclean Hands, Mootness,

### H. Evidence in Support of Defendant's Affirmative Defenses and in Opposition to Plaintiff's Claims

The following facts support the above affirmative defenses. Vestagen has altered the advertising that is at issue in this case. Consequently, SPI's request for equitable relief is moot. SPI's claim is also barred by unclean hands given that it has misrepresented the antimicrobial abilities of its own products in violation of the Lanham Act.

### I. Identification of Anticipated Evidentiary Issues

Although further evidentiary issues may arise, based on discussion between counsel to date, Vestagen will seek to preclude the following evidence as inadmissible:

Motion *In Limine* No. 1 to exclude witnesses not identified by strategic partners, Inc. prior to the discovery cut off of June 7, 2017;

Motion *In Limine* No. 2 to exclude findings and decisions of the National Advertising Board;

Motion *In Limine* No. 3 to exclude testimony and reports of economic injury of SPI and reference thereto;

Motion *In Limine* No. 4 to exclude the expert report of Steve Roth; and

Motion *In Limine* No. 5 to exclude portions of Opinion of expert John Mitchell.

Vestagen reserves its right to object and move to exclude additional evidence regarding other evidentiary and legal issues.

### J. Identification of Issues of Law Germane to the Case

Vestagen incorporates by reference its discussion above regarding SPI's Claims, Vestagen's Opposition to SPI's Claims, Vestagen' Counter-claims, Vestagen's Affirmative Defenses, and Vestagen's motion *in limine*.

## III. BIFURCATION OF ISSUES (L.R. 16-4.3)

Vestagen requests bifurcation of issues at trial, first as to liability, and then if appropriate, as to damages and remedies if any liability is found. Pursuant to 15 USC §1117, SPI's requested remedies for a violation of the Lanham Act are equitable and must be decided by the Court, not a jury.

Vestagen further maintains that Court should decide the issues relating to Plaintiff's claims for Unfair Competition following trial of all relevant issues to the jury, as the Unfair Competition claim is predicated on Plaintiff's other claims.

## IV. JURY TRIAL (L.R. 16-4.4)

Both parties have requested a jury trial. While the length of trial was initially estimated at 5 to 8 days, the estimated length of trial is now in excess of 20 days. Plaintiff's Claim for Unfair Competition under Bus. & Prof. Code § 17200 must be tried by the Court, rather than a jury, because it is equitable in nature. *Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1458 (2008); *Hodge v. Sup.Ct. (AON Ins. Services),* 145 Cal.App.4th 278, 281 (2006). Similarly, the remedies SPI seeks for Vestegen's alleged violation of the Lanham Act sound in equity and should be determined by the Court. 15 USC §1117.

///

## V. ATTORNEYS' FEES (L.R. 16-4.5)

In the event Vestagen is deemed the prevailing party, Vestagen reserves the right to recover attorneys' fees and/or costs according to proof.

## VI. ABANDONMENT OF ISSUES (L.R. 16-4.6)

Vestagen does not currently seek to proceed on proceed on the following affirmative defenses: Venue, Lack of Personal Jurisdiction, Primary Jurisdiction, Preemption.

DATED: July 31, 2017

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Vince M. Verde*
    Vince M. Verde
    Sean Paisan

Attorneys for Counter-Claimant
VESTAGEN PROTECTIVE TECHNOLOGIES, INC.

30719937.1