SHARON L. HIGHTOWER, ESQ. – S.B.N. 129874
NATHANIEL R. LUCEY, ESQ. - SBN 260796
ERICKSEN ARBUTHNOT
152 North Third Street, Suite 700
San Jose, CA 95112
Telephone: (408) 286-0880
Facsimile: (408) 286-0337
shightower@ericksenarbuthnot.com

ATTORNEYS FOR DEFENDANT/ COUNTER-CLAIMANT
VESTAGEN PROTECTIVE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC.<br><br>Plaintiff,<br>v.<br><br>VESTAGEN PROTECTIVE TECHNOLOGIES, INC.<br><br>Defendant. | Case No.: 2:16-CV-5900-RGK (PLA)<br><br>DEFENDANT/COUNTER-CLAIMANT VESTAGEN PROTECTIVE TECHNOLOGIES, INC.'S OBJECTIONS TO PLAINTIFF/COUNTER-DEFENDANT STRATEGIC PARTNERS, INC.'S DESIGNATION OF DEPOSITION TESTIMONY |
| VESTAGEN PROTECTIVE TECHNOLOGIES, INC.<br><br>Counter-Claimant,<br>v.<br><br>STRATEGIC PARTNERS, INC.<br><br>Counter-Defendant. | Complaint Filed: August 8, 2016<br>Counterclaims Filed: September 19, 2016<br>Trial Date: September 5, 2017<br><br>District Judge: Hon. R. Gary Klausner<br>Magistrate Judge: Hon. Paul L. Abrams |

COMES NOW VESTAGEN PROTECTIVE TECHNOLOGIES, INC. and submits its Objections to Plaintiff/Counter-Defendant Strategic Partners, Inc.'s Designation of Deposition Testimony.

**I. J.D. SPANGLER**

| # | Pg:Ln | Objections | Rulings |
|---|---|---|---|
| 1 | 8:7-9 | | |
| 2 | 18:22-19:5 | | |
| 3 | 34:14-25 | Objection:<br>Lacks Foundation FRE 602 | |
| 4 | 35:2-7 | Objection:<br>Lacks Foundation FRE 602 | |
| 5 | 37:3-12 | Objection:<br>Lacks Foundation FRE 602<br>Vague and ambiguous | |
| 6 | 38:2-11 | Objection<br>Vague and ambiguous | |
| 7 | 50:19-22 | Objection:<br>Lacks Foundation FRE 602<br>Relevance FRE 402 | |
| 8 | 54:24-55:14 | Objection:<br>Hearsay FRE 802<br>Lacks Foundation FRE 602 | |
| 9 | 63:25-64:15 | Compound<br>Hearsay | |
| 10 | 64:22-66:18 | Compound<br>Hearsay | |
| 11 | 68:24-69:4 | Vague and Ambiguous | |
| 12 | 77:14-78:10 | Objection:<br>Vague and Ambiguous<br>Compound | |

//

## II. DAWN CLARKE

| # | Pg:Ln | Objections | Rulings |
|---|---|---|---|
| 1 | 7:22-7:24 | | |
| 2 | 21:6-21:16 | Lacks Foundation FRE 602 | |
| 3 | 25:3-25:24 | Lacks Foundation FRE 602 | |
| 4 | 34:14-35:19 | Vague and ambiguous | |
| 5 | 38:2-38:15 | Lacks Foundation FRE 602<br>Calls for speculation | |
| 6 | 39:9-39:22 | | |
| 7 | 41:21-42:6 | Objection:<br>Subsequent Remedial Measure FRE 407<br>Relevance FRE 402 104(b)<br>Undue Prejudice FRE 403<br>Order re Vestagen Motion In Limine 2 | |
| 8 | 44:10-45:6 | | |
| 9 | 68:12-69:10 | Lacks Foundation FRE 602<br>Hearsay FRE 802<br>Outside the Scope of witnesses 30(b)(6) testimony. | |
| | | | |
| 10 | 71:12-18 | Lacks Foundation FRE 602<br>Relevance FRE 402<br>Outside the Scope of witnesses 30(b)(6) testimony. | |
| 11 | 74:19-75:13 | Lacks Foundation FRE 602<br>Relevance FRE 402<br>Outside the Scope of witnesses 30(b)(6) testimony. | |
| 12 | 80:23-81:25 | Lacks Foundation<br>Outside the Scope of witnesses 30(b)(6) testimony.<br>Compound Vague and Ambiguous | |
| 13 | 82:19-84:4 | | |

| | | | |
|---|---|---|---|
| 14 | 85:21-89:6 | Lacks Foundation<br>Outside the Scope of witnesses 30(b)(6) testimony.<br>Compound<br>Vague and Ambiguous | |
| 15 | 89:22-91:14 | Outside the Scope of witnesses 30(b)(6) testimony.<br>Compound<br>Vague and Ambiguous | |
| 16 | 92:13-92:25 | Outside the Scope of witnesses 30(b)(6) testimony.<br>Compound<br>Vague and Ambiguous | |
| 17 | 99:10-101:3 | Relevance<br>Lacks Foundation<br>Outside the Scope of witnesses 30(b)(6) testimony.<br>Compound<br>Vague and Ambiguous | |
| 18 | 102:11-102:14 | Outside the Scope of Witnesses 30(b)(6) designation. | |
| 19 | 104:7-104:18 | Compound<br>Relevance<br>Lacks Foundation | |
| 20 | 112:12-112:18 | Relevance | |
| 21 | 115:3-115:21 | | |
| 22 | 116:15-117:12 | Relevance | |
| 23 | 119:18-120:4 | Relevance<br>Lacks Foundation<br>Assumes Facts not Established | |
| 24 | 128:22-129:4 | Objection<br>Relevance 402 104(b) | |
| 25 | 154:10-155:21 | | |
| 26 | 168:14-168:24 | Objection<br>Argumentative<br>Lacks Foundation – FRE 402<br>Relevance – FRE 402 104(b)<br>Incomplete hypothetical | |

| | | | |
|---|---|---|---|
| | | Calls for speculation | |
| 27 | 169:18-25 | | |
| 28 | 170:24-25 | | |
| 29 | 171:15-173:25 | Objection<br>Relevance – FRE 402 104(b)<br>Lacks Foundation – FRE 602 | |
| 30 | 175:6-177:1 | Relevance – FRE 402 104(b)<br>Argumentative<br>Outside the Scope of 30(b)(6) designation.<br>Lacks Foundation – FRE 602<br>Inadmissible lay opinion evidence – FRE 701 | |
| 31 | 177:20-178:14 | Outside the Scope of 30(b)(6) designation.<br>Lacks Foundation – FRE 602<br>Inadmissible lay opinion evidence – FRE 701 | |
| 32 | 179:19-180:15 | Outside the Scope of 30(b)(6) designation.<br>Inadmissible lay opinion evidence – FRE 701<br>Lacks Foundation – 602<br>FRE 402 104(b) - Relevance | |
| 33 | 196:3-196:8 | Vague, Ambiguous, Unintelligible<br>Compound | |
| 34 | 209:13-210:6 | Objection<br>Argumentative<br>Inadmissible lay opinion evidence – FRE 701<br>Lacks Foundation – 602 | |

## III. WILLIAM "BILL" BOLD

| # | Pg:Ln | Objections | Rulings |
|---|---|---|---|
| 1 | 9:4-6 | | |
| 2 | 28:7-9 | Relevance – FRE 402 | |

| | | | |
|---|---|---|---|
| | | Undue Prejudice - FRE 403<br>Undue Prejudice, confusing the issues, misleading the jury, | |
| 3 | 29:4-6 | Relevance – FRE 402<br>Undue Prejudice, confusing the issues, misleading the jury, | |
| 4 | 84:14-15 | Relevance<br>Lacks Foundation | |
| 5 | 86:23-87:8 | Vague<br>Relevance<br>Lacks Foundation | |
| 6 | 120:5-121:15 | Lacks Foundation<br>Vague<br>Outside the Scope of 30(b)(6) designation. | |
| 7 | 134:20-135:2 | Objection:<br>Subsequent Remedial Measure FRE 407<br>Relevance FRE 402 104(b)<br>Undue Prejudice FRE 403<br>Order re Vestagen Motion In Limine 2 | |
| 8 | 138:3-13 | Objection:<br>Subsequent Remedial Measure FRE 407<br>Relevance FRE 402 104(b)<br>Undue Prejudice FRE 403<br>Order re Vestagen Motion In Limine 2 | |
| 9 | 144:9-146:5 | Objection:<br>Subsequent Remedial Measure FRE 407<br>Relevance FRE 402 104(b)<br>Undue Prejudice FRE 403<br>Order re Vestagen Motion In Limine 2 | |
| 10 | 139:4-10 | Objection: | |

| | | | |
|---|---|---|---|
| | | Subsequent Remedial Measure FRE 407<br>Relevance FRE 402 104(b)<br>Undue Prejudice FRE 403<br>Order re Vestagen Motion In Limine 2<br>Vague | |
| 11 | 146:11-147:10 | | |
| 12 | 185:18-23 | | |
| 13 | 186:13-187:24 | Objection:<br>Subsequent Remedial Measure FRE 407<br>Relevance FRE 402 104(b)<br>Undue Prejudice FRE 403<br>Order re Vestagen Motion In Limine 2 | |
| 14 | 196:21-197:17 | | |
| 15 | 214:14-215:1 | Relevance FRE 402 104(b) | |
| 16 | 215:2-17 | | |
| 17 | 223:6-11 | | |

## IV. MARC LESSEM

| # | Pg:Ln | Objections | Rulings |
|---|---|---|---|
| 1 | 8:17-19 | | |
| 2 | 12:13-17 | | |
| 3 | 31:10-13 | | |
| 4 | 32:25-34:11 | | |
| 5 | 68:13-69:13 | | |
| 6 | 70:10-71:6 | Objection<br>Subsequent remedial measure FRE 407<br>FRE 602 – Lacks Foundation | |
| 7 | 72:3-73:11 | Objection<br>Argumentative.<br>FRE 701 – Improper Lay Opinion | |

| | | | |
|---|---|---|---|
| | | He is not acting as our marketing expert and he is not a science expert so he cannot testify as to what is "more accurate." | |
| 8 | 74:6-75:21 | Objection<br>FRE 701 – Improper Lay Opinion<br>FRE 602 – Lacks Foundation | |
| 9 | 81:11-18 | Objection<br>FRE 701 – Improper Lay Opinion<br>FRE 602 – Lacks Foundation<br>FRE 402, 104(b)- Relevance | |
| 10 | 83:20-84:13 | FRE 407 Subsequent Remedial Measure | |
| 11 | 84:18-85:11 | FRE 407 Subsequent Remedial Measure | |
| 12 | 91:12-15 | | |
| 13 | 130:11-20 | | |
| 14 | 147:20-148:11 | | |
| 15 | 148:20-149:5 | FRE 602 – Lacks Foundation<br>FRE 402, 104(b) | |
| 16 | 150:20-152:4 | FRE 602 – Lacks Foundation<br>FRE 402, 104(b)<br>FRE 701 – Improper Lay Opinion | |
| 17 | 155:23-156:7 | Objection<br>FRE 701 – Improper Lay Opinion<br>FRE 602 – Lacks Foundation<br>FRE 402, 104(b)- Relevance | |
| 18 | 156:2-7 | | |
| 19 | 193:3-20 | Objection: | |

| | | | |
|---|---|---|---|
| | | Subsequent Remedial Measure FRE 407<br>Relevance FRE 402 104(b)<br>Undue Prejudice FRE 403<br>Order re Vestagen Motion In Limine 2 | |
| 20 | 264:5-8 | Objection:<br>Subsequent Remedial Measure FRE 407<br>Relevance FRE 402 104(b)<br>Undue Prejudice FRE 403<br>Order re Vestagen Motion In Limine 2 | |

**V. AMBER MITCHELL**

| # | Pg:Ln | Objections | Rulings |
|---|---|---|---|
| 1 | 23:13-24 | | |
| 2 | 26:2-4 | | |
| 3 | 27:18 – 28:13 | FRE 402 - Relevance | |
| 4 | 30:17-19 | FRE 402, FRE 104(b) - Relevance | |
| 5 | 31:6-23 | FRE 402, FRE 104(b) - Relevance | |
| 6 | 33:8-14 | FRE 402, FRE 104(b) - Relevance | |
| 7 | 34:16 – 35:4 | | |
| 8 | 35:20 – 36:4 | | |
| 9 | 36:9 – 37:7 | | |
| 10 | 38:14-24 | | |
| 11 | 42:18 – 43:4 | | |
| 12 | 44:24-45:4 | | |
| 13 | 45:16 – 50:15 | FRE 402 - Relevance | |
| 14 | 52:20 – 53:7 | FRE 402 - Relevance | |
| 15 | 54:15-22 | FRE 402 - Relevance | |
| 16 | 59:2 – 60:18 | FRE 402 - Relevance | |

| | | | |
|---|---|---|---|
| 17 | 80:8-15 | | |
| 18 | 84:1-14 | FRE 402 104(b) – Relevance | |
| 19 | 93:9 – 95:5 | | |
| 20 | 97:21 – 98:17 | | |
| 21 | 99:9-11 | | |
| 22 | 121:8 – 124:2 | Lacks Authentication<br>Lacks Foundation – FRE 602<br>Hearsay – FRE 801 | |
| 23 | 125:5 – 127:10 | Lacks Authentication<br>FRE 407 - Subsequent Remedial Measure<br>Order re Vestagen MIL 2 | |
| 24 | 128:8 – 129:13 | Objection<br>FRE 407 – Subsequent Remedial Measure<br>Lacks Authentication<br>Order re Vestagen MIL 2 | |
| 25 | 132:14 – 133:3 | Objection<br>FRE 407 – Subsequent Remedial Measure<br>Lacks Authentication<br>Order re Vestagen MIL 2 | |
| 26 | 134:24 – 135:20 | Objection<br>FRE 407 – Subsequent Remedial Measure<br>Lacks Authentication<br>Order re Vestagen MIL 2 | |
| 27 | 137:4-12 | Objection<br>FRE 407 – Subsequent Remedial Measure<br>Lacks Authentication<br>Order re Vestagen MIL 2 | |
| 28 | 137:22 – 138:15 | FRE 402 Relevance | |

| | | | |
|---|---|---|---|
| | | FRE 801 – Hearsay<br>Exhibit Lacks Authentication | |
| 29 | 140:4 – 141:1 | FRE 402 Relevance<br>FRE 801 – Hearsay<br>Exhibit Lacks Authentication | |
| 30 | 143:16-22 | FRE 402 Relevance<br>FRE 801 - Hearsay | |
| 31 | 145:23 – 146:16 | FRE 402 Relevance<br>FRE 801 - Hearsay | |
| 32 | 149:14 – 150:18 | FRE 402 Relevance<br>FRE 801 - Hearsay | |
| 33 | 153:7-11 | FRE 402 Relevance<br>FRE 801 – Hearsay<br>FRE 602 – Lacks foundation | |
| 34 | 165:17 – 166:6 | FRE 402 Relevance<br>FRE 801 – Hearsay<br>FRE 602 – Lacks foundation | |

## VI. BEN FAVRET

| **#** | **Pg:Ln** | **Objections** | **Rulings** |
|---|---|---|---|
| 1 | 11:25-12:1 | | |
| 2 | 57:3-7 | | |
| 3 | 62:5-10 | | |
| 4 | 64:14-24 | FRE 402 - Relevance | |
| 5 | 72:9-14 | FRE 402 - Relevance | |
| 6 | 73:20-74:1 | FRE 402 - Relevance | |
| 7 | 78:17-79:4 | FRE 402 – Relevance<br>Reliability of scientific study not at issue | |
| 8 | 80:21-25 | FRE 402 – Relevance<br>Reliability of scientific study not at issue<br>*ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 498-99 (2nd Cir. 2013); *Biolase, Inc. v. Fotona* | |

| | | | |
|---|---|---|---|
| | | *Proizvodnja Optoelektronskih Naprav D. D.*, et al. (C.D. Cal. June 4, 2014 No. SAC140248AGANX 2014 WL 12559802 | |
| 9 | 90:4-15 | | |
| 10 | 93:3-6 | | |
| 11 | 101:10-15 | | |
| 12 | 112:15-18 | | |
| 13 | 135:6-11 | | |
| 14 | 138:24-139:5 | | |
| 15 | 154:16-25 | | |
| 16 | 155:7-156:4 | | |
| 17 | 158:12-159:25 | | |
| 18 | 170:17-171:2 | Vague and Ambiguous<br>FRE 901 Lacks Authentication<br>FRE 801- Hearsay<br>FRE 602 – Lacks Foundation<br>Excerpt fails to identify document | |
| 19 | 178:16-20 | FRE 402, 104(b) – Relevance<br>FRE 403 – Confuse and mislead jury<br>Assumes facts not established. | |
| 20 | 185:25-186:9 | FRE 402, 104(b) – Relevance<br>FRE 403 – Confuse and mislead jury | |
| 21 | 194:17-25 | | |
| 22 | 222:11-223:7 | Vague and Ambiguous<br>FRE 901 Lacks Authentication<br>FRE 801- Hearsay<br>FRE 602 – Lacks Foundation<br>Excerpt fails to identify document<br>Compound | |
| 23 | 225:12-18 | | |
| 24 | 236:9-238:10 | Argumentative | |

| | | | |
|---|---|---|---|
| 25 | 240:22-241:7 | FRE 801- Hearsay<br>FRE 402 – Relevance<br>FRE 602 – Foundation<br>The excerpt appears to be only a question by SPI counsel and not a response by the deponent. | |
| 26 | 244:15-245:9 | FRE 801- Hearsay<br>FRE 402 – Relevance<br>FRE 602 – Lacks Foundation<br>FRE 403 – Undue Prejudice, Confuse and mislead the jury. | |
| 27 | 246:12-247:12 | FRE 901 – Lacks Authentication<br>FRE 801 – Hearsay<br>FRE 402 – Relevance<br>FRE 602 – Lacks Foundation<br>FRE 403 – Undue Prejudice, Confuse and mislead the jury. | |
| 28 | 256:16-257:10 | FRE 901 – Lacks Authentication<br>FRE 801 – Hearsay<br>FRE 402 – Relevance<br>FRE 602 – Lacks Foundation<br>FRE 403 – Undue Prejudice, Confuse and mislead the jury. | |

## VII. DIANE RAINES

| # | Pg:Ln | Objections | Rulings |
|---|---|---|---|
| 1 | 8:16-21 | | |
| 2 | 14:9-15:16 | | |
| 3 | 30:20-31:5 | Lacks Authentication<br>Vague<br>Lacks Foundation FRE 602 | |

| | | | |
|---|---|---|---|
| 4 | 35:6-35:18 | | |
| 5 | 36:14-36:25 | | |
| 6 | 47:24-48:7 | | |
| 7 | 50:11-51:22 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 8 | 54:10-18 | FRE 402 104(b) – Relevance | |
| 9 | 55:11-56:2 | FRE 402 104(b) - Relevance | |
| 10 | 62:10-18 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 11 | 63:20-64:6 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 12 | 74:20-75:12 | | |
| 13 | 76:16-77:1 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 14 | 84:23-85:7 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 15 | 88:23-89:10 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 16 | 94:21-96:1 | FRE 402 Lacks Foundation<br>Assumes Facts not Established<br>Order Re Vestagen Motion in Limine 2<br>FRE 407 Subsequent Remedial Measures | |
| 17 | 107:18-108:14 | Lacks Authentication | |
| 18 | 112:5-15 | FRE 402 104(b) – Relevance | |
| 19 | 113:24-114:7 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |

| | | | |
|---|---|---|---|
| 20 | 114:8-19 | | |
| 21 | 115:10-116:4 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 22 | 117:4-19 | Lacks Authentication<br>FRE 801 – Hearsay<br>FRE 602 – Lacks Foundation | |
| 23 | 118:8-119:2 | FRE 402 104(b) – Relevance<br>FRE 901 - Lacks Authentication<br>FRE 801 – Hearsay<br>FRE 403 – Cumulative Evidence | |
| 24 | 120:6-14 | FRE 901 - Lacks Authentication<br>FRE 801 – Hearsay | |
| 25 | 120:23-121:7 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 26 | 121:19-122:2 | FRE 402 104(b) – Relevance<br>FRE 403 – Cumulative Evidence | |
| 27 | 122:3-14 | | |
| 28 | 122:10-123:22 | FRE 801 – Hearsay<br>FRE 602 – Lacks Foundation<br>FRE 402 104(b) – Relevance | |
| 29 | 123:25-124:13 | | |
| 30 | 124:14-125:10 | | |
| 31 | 128:20-25 | FRE 402 – Relevance<br>FRE 602 - Lacks Foundation | |
| 32 | 143:4-144:4 | FRE 402 – Relevance | |

| | | | |
|---|---|---|---|
| | | FRE 403 – Confuses and misleads the jury | |
| 33 | 143:17-144:4 | | |
| 34 | 154:25-155:6 | FRE 602 – Lacks Foundation<br>FRE 402 – Relevance<br>FRE 801 - Hearsay | |
| 35 | 156:5-14 | FRE 602 – Lacks Foundation<br>FRE 402 – Relevance<br>FRE 801 - Hearsay | |
| 36 | 158:10-160:1 | FRE 602 – Lacks Foundation<br>FRE 402 – Relevance<br>FRE 801 - Hearsay | |
| 37 | 160:2-161:1 | FRE 602 – Lacks Foundation<br>FRE 402 – Relevance<br>FRE 801 - Hearsay | |

DATED: September 8, 2017

ERICKSEN ARBUTHNOT

/S/ *Sharon L. Hightower*
SHARON L. HIGHTOWER, ESQ.

CASE NAME: STRATEGIC v. VESTAGEN
ACTION NO: 2:16-CV-5900-RGK (PLA)

**PROOF OF SERVICE**

I declare that I am employed in the County of Santa Clara, California. I am over the age of eighteen (18) years and not a party to the within cause; my business address is 152 No. Third Street, Suite 700, San Jose, CA 95112.

I served the attached: **DEFENDANT/COUNTER-CLAIMANT VESTAGEN PROTECTIVE TECHNOLOGIES, INC.'S OBJECTIONS TO PLAINTIFF/COUNTER-DEFENDANT STRATEGIC PARTNERS, INC.'S DESIGNATION OF DEPOSITION TESTIMONY** on the interested parties in said cause, using the following method:

/XX/ **(BY MAIL)** I placed each sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at San Jose, California, following ordinary business practices. I am readily familiar with the practice of ERICKSEN ARBUTHNOT for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/ / **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressee(s) noted below.

/ / **(BY FEDERAL EXPRESS)** The foregoing document was placed in a sealed envelope provided by Federal Express/UPS, designated as overnight (delivery by next business day) with delivery fees paid or provided for and addressed as stated below. I deposited such envelope in the Federal Express/UPS collection box at 152 North Third Street, San Jose, California.

/ / **(BY FACSIMILE)** I caused the said document to be transmitted by facsimile machine to the facsimile number indicated after the address(es) noted below. Such transmission was verified as complete and without error.

/X/ **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below. OR: The above-described document(s) will be delivered electronically through the Court's electronic filing system.

**PLAINTIFF COUNSEL:**
Mona Z. Hanna, Esq
Taylor C. Foss, Esq.
Taylor C. Foss
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
T: (714) 557- 7990
F: (714) 557-7991

David C. Lee, Esq.
**MICHELMAN & ROBINSON, LLP**
One Post Street, Suite 2500
San Francisco, CA 94104
T: (415) 882-7770
F: (415) 882-1570

Seth E. Darmstadter (pro hac vice)
**MICHELMAN & ROBINSON, LLP**
200 South Wacker Drive, Suite 2900
Chicago, IL 60606

Vince M. Verde, Esq.
Sean Paison, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.D.
Park Tower, Suite 1500
695 Town Center Drive
Coast Mesa, CA 92626

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 8, 2017, at San Jose, California.

JENNIFER L. SHARPE