1          **UNITED STATES DISTRICT COURT**

2     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

3      **HONORABLE R. GARY KLAUSNER, U.S. DISTRICT JUDGE**

4              **- - - -**

5

6  **STRATEGIC PARTNERS, INC.,**        )
                           )

7                **PLAINTIFF,**    )
          **vs.**               )  **CASE NO.**
                           )  **CV 16-5900-RGK**

8  **VESTAGEN PROTECTIVE TECHNOLOGIES, INC.,** )
                           )

9               **DEFENDANT.**   )

**VESTAGEN PROTECTIVE TECHNOLOGIES, INC.,** )

10                           )
          **COUNTER-CLAIMANT,**   )

11                           )

12          **vs.**               )
                           )

13  **STRATEGIC PARTNERS, INC.,**       )
                           )

14          **COUNTER-DEFENDANT.**   )

15

16       **REPORTER'S TRANSCRIPT OF PROCEEDINGS**

17         **MONDAY, AUGUST 21, 2017**

18              **9:13 A.M.**

19         **LOS ANGELES, CALIFORNIA**

20

21

22       _____

23      **SANDRA MacNEIL, CSR 9013, RPR, CRR, RMR**
        **Official Reporter, U.S. District Court**

24          **255 East Temple Street**
           **Los Angeles, CA  90012**

25            **213.894.5949**

```
1    APPEARANCES OF COUNSEL:

2

3    FOR PLAINTIFF/COUNTER-DEFENDANT STRATEGIC PARTNERS, INC.:

4        MICHELMAN & ROBINSON, LLP
         BY:  MONA Z. HANNA, ATTORNEY AT LAW
5        17901 VON KARMAN AVENUE, SUITE 1000
         IRVINE, CALIFORNIA  92614
6        714.557.7990

7        MICHELMAN & ROBINSON, LLP
         BY:  SETH E. DARMSTADTER, ATTORNEY AT LAW
8        200 SOUTH WACKER DRIVE, SUITE 2900
         CHICAGO, ILLINOIS  60606
9        312.638.5671

10

     FOR DEFENDANT/COUNTER-CLAIMANT VESTAGEN PROTECTIVE
11   TECHNOLOGIES, INC.:

12       ERICKSEN ARBUTHNOT
         BY:  SHARON L. HIGHTOWER, ATTORNEY AT LAW
13       152 NORTH THIRD STREET, SUITE 700
         SAN JOSE, CALIFORNIA  95112
14       408.286.0880

15       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
         BY:  VINCE M. VERDE, ATTORNEY AT LAW
16            SEAN PAISAN, ATTORNEY AT LAW
         695 TOWN CENTER DRIVE
17       PARK TOWER, SUITE 1500
         COSTA MESA, CALIFORNIA  92626
18       714.800.7900

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
1              LOS ANGELES, CALIFORNIA; MONDAY, AUGUST 21, 2017

2                           9:13 A.M.

3                           - - - -

4

5         THE CLERK:  Item No. 7, Civil 16-5900, Strategic

6  Partners versus Vestagen Protective.

7         Counsel, your appearances, please.

8         MS. HANNA:  Good morning, Your Honor.  Mona Hanna of

9  Michelman & Robinson appearing for plaintiff and

10 cross-defendants Strategic Partners, and with me today is my

11 colleague Seth Darmstadter.

12        THE COURT:  Okay.

13        MS. HIGHTOWER:  Good morning, Your Honor.  Sharon

14 Hightower of Ericksen Arbuthnot appearing for defendant

15 Vestagen.

16        THE COURT:  Okay.

17        MR. VERDE:  Good morning, Your Honor.  Vince Verde

18 from Ogletree Deakins appearing on behalf of cross-complainant

19 Vestagen, and with me is my colleague Sean Paisan.

20        THE COURT:  Okay.  And you can have seats on this

21 because it will be a little longer than the scheduling

22 conferences.

23        In this matter, this is set for a pretrial hearing.  As

24 you know, it's scheduled for trial on the 5th of September, so

25 I want to take you through a little bit of what to expect and
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1   so you can make proper preparations as far as the trial is
 2   concerned, because once we get into it, we go straight through
 3   on it.
 4        First thing I'd like to do is to discuss with you very
 5   briefly -- I'm going to give you tentatives on the motions
 6   in limine that have been filed.  I will solidify those on the
 7   day of trial, but basically these will be the rulings, and I'll
 8   go through them very briefly with you.  Let me go through the
 9   defense, first of all.
10        On the defense motion in limine, the motion to exclude the
11   witnesses, and that's Beevis and Garay, that's going to be --
12   these are tentative, so let me make sure you understand that.
13   In fact, all motions in limine, counsel, really are tentative,
14   as you know, because they are rulings on evidentiary hearings
15   that may come up at trial, and what they mean is that you can't
16   talk about them until and unless some type of foundation is
17   laid that then makes them relevant or acceptable or whatever it
18   is.  So all those motions are tentative subject to either
19   laying foundations or all of a sudden becoming relevant because
20   of the evidence that comes in.  So again, without wasting time,
21   let me go through them.
22        Number 1, denied.  Number 2, granted.  Number 3, denied.
23   Number 4, denied.  Number 5, granted in part and denied in
24   part.  Mitchell would be able to talk about the scientific
25   opinions and expert testimony but not about opinions as far as
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1    the effect on marketing, et cetera.

 2         As to the plaintiff's, the plaintiff's Number 1 would be

 3    denied.  Number 2 will be denied.  Number 3 will be denied.

 4    Number 4 will be granted.  Number 5 will be granted.  Number 6

 5    will be granted.  Number 7 is moot.  That was handled with

 6    summary judgment.  Number 8 will be granted unless a foundation

 7    comes in, that being -- a third party, that would be granted,

 8    that would be excluded unless you show that it was the

 9    defendant -- excuse me, the plaintiff that caused that third

10    party to engage in that advertising.  So it will be -- again,

11    it'll be granted unless a foundation is laid to show that it

12    was the defendant that caused it.  Or excuse me, the plaintiff

13    that caused it.  Number 9 will be denied and Number 10 will be

14    denied.  And I will again on the day of trial go over those and

15    confirm those.

16         Two things you should remember when I was reading through

17    these motions.  One is -- a lot of attorneys don't understand

18    this.  When you present evidence in court at trial and you

19    present an expert, that expert only can testify as to

20    hypotheticals.  They're not a percipient witness.  They testify

21    to hypotheticals.  I don't want anybody asking the expert,

22    "Well, in this case is this true or in this case is this

23    feasible," et cetera.  That's not a hypothetical.

24    Hypothetical:  If A, B, and C exists, what's your opinion as to

25    that, if it exists?  Then it's up to you to show that this case
```

 1    shows the existence of A, B, and C.  So we never ask the expert

 2    as to what their opinion is directly on this case or issues in

 3    this case, only as to hypotheticals.  That's what an expert can

 4    testify to.

 5         The second thing that I want to bring up to you is that if

 6    you bring up evidence -- because there's some motions in limine

 7    that refer to things that they may think would not be

 8    admissible.  Some of them are not real specific, so I couldn't

 9    rule on them, but we follow the rules of evidence in court.  If

10    you talk about something in opening statement or refer to

11    something in front of the jury and later cannot prove it up

12    because it's been excluded as being irrelevant or whatever it

13    is, you're facing a mistrial.  And if you're facing a mistrial,

14    you're facing the cost of the trial, also.  So be very careful

15    that whatever you bring up to the jury before it comes into

16    evidence, you know you're going to get it in, because if you

17    can't get it in, then you're looking at a mistrial and you're

18    looking at significant expenses on it.

19         Okay.  Let me go on to the rest of it.  In this particular

20    case, on the trial date we'll have you come in at 9:00 o'clock

21    on the trial date.  The jury won't come in until about quarter

22    of 10:00.  That's when we'll start picking the jury, about

23    quarter of 10:00.  At 9:00 o'clock I'll talk to you about

24    little things, some things about the case.  One is, is that I

25    need a statement -- and probably before that date, if you can

1  get it in a few days before that date, I need a short statement

2  of the case.  In other words, what each side is alleging.  In

3  other words, what the jury is going to be hearing and has to

4  determine.  It should be no more than a paragraph.  You know,

5  very general.  In this case it's probably going to be:  The

6  plaintiff alleges the defendant engaged in false advertising;

7  the defendant alleges that plaintiff engaged in false

8  advertising; the defendant alleges that the plaintiffs stole

9  trade secrets.  That's basically -- something like that, okay?

10  So that they know, so I can ask them questions about the case.

11      Number two, every day I need a list of the witnesses you

12  intend to call that day in order of how you're going to call

13  them.  I know I have a witness list here, but I need it for

14  every day, which ones are you going to call that day and the

15  order you're going to call on that day.

16      Let me talk to you about voir dire.  This Court conducts

17  the entire voir dire itself.  I will take into consideration

18  the voir dire questions that have been proposed to the Court in

19  writing, and I'll incorporate them to the extent I think

20  they're appropriate, but I will be doing all the voir dire and

21  questioning of the jury.  We will have kind of like the

22  six-pack.  We'll bring in 14 jurors and go through the

23  questions to the 14 jurors.  We'll be excluding -- each side's

24  going to get four peremptory challenges.  We'll be picking a

25  jury of eight, not six.  And so we'll have the 14 jurors.  I'll

```
 1   go through the questions with the 14 jurors.  After I've
 2   finished all the questions, we'll come over to the side bench
 3   and I'll talk to the attorneys from both sides over here and
 4   we'll go through challenges for cause, as you know, as many as
 5   you have, and peremptory challenges, and you'll have four on
 6   each side.
 7        Remember, in your peremptory challenges, if you pass on a
 8   peremptory challenge, you don't lose it.  Unless the other side
 9   passes, and then we have a jury.  But if the other side doesn't
10   pass, you might be able to build up three or four peremptory
11   challenges when the other side has used all of theirs.  I mean,
12   that's your strategy.  You've gotta figure out what you want to
13   do strategically on it, but you don't lose a peremptory
14   challenge.  Once we've gone through challenges for cause and
15   peremptory challenges that equal seven, I'll come back on the
16   bench, I'll excuse those seven en banc.  They won't know who's
17   excusing them, why they're excused.  I'll just say -- call
18   those seven by number and they'll be excused and we'll bring
19   another seven in and we'll voir dire those seven and continue
20   through the process until we get eight jurors.
21        By the way, as I go through this, if you have any
22   questions, let me know.  So far, any questions on voir dire and
23   how we're going to do it?
24        Yes.
25             MS. HIGHTOWER:  I do have one question, Your Honor, on
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1    the peremptory challenges as far as Vestagen is concerned.  We

2    represent Vestagen as a defendant.  There's also counsel for

3    Vestagen as a cross-claimant.

4            THE COURT:  Mm-hmm.

5            MS. HIGHTOWER:  Are we --

6            THE COURT:  Yeah, I've looked at the two, and I think

7    it's really -- you're correct, you have different parties, but

8    I think it's one side.  It would be four per side.  Now, you

9    can do it any way you want.  You can divvy it two and two or

10   three and -- however you want, or you can just do them all

11   jointly, but it would be four per side, okay?

12           MS. HIGHTOWER:  All right.  Thank you.

13           THE COURT:  Any other questions?

14           MR. VERDE:  Yes, Your Honor, briefly.

15           THE COURT:  Yes.

16           MR. VERDE:  With respect to the excused jurors, then

17   the juror that's in the panel, will they be sitting into the

18   slot of the excused jurors?

19           THE COURT:  Yeah.  We'll go ahead and fill up the

20   eight, or really there would only be seven left, and we'll

21   bring in the new seven, yeah.  And we'll talk about that when

22   we get over there.  You'll know who we're excusing and where

23   they're going to sit and everything else before I come back on

24   the bench, okay?

25       Okay.  Some of the rules that you should know in court.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1  Every court is different, and I know that's confusing to the

2  juries, but, you know, that's part of why you get paid the big

3  bucks, to figure out all these confusing judges sitting around

4  here.  So let me tell you some of the policies that we have

5  that we adhere to.

6       Number one is, anytime you make an objection, stand when

7  you make your objection.  Many times you'll make an objection

8  sitting down, I won't even hear it because you're sitting down

9  and you're mumbling the objection.  Stand when you're making

10  your objection so I know you're objecting.

11       Number two, never argue an objection in front of the jury.

12  You can state what the objection is.  For instance, hearsay.

13  "I object, hearsay."  Don't tell us why you think it's hearsay,

14  just say hearsay.  The other side, they're limited also to say

15  just what they -- not offered for the truth of the matter.

16  Don't tell us why it's not offered for the truth of the matter,

17  just, "Not offered for the truth of the matter," and I'll make

18  the call on it.

19       Now, this is kind of an interesting thing, particularly on

20  the objections.  This Court does not have any bench conferences

21  other than the voir dire of the jury.  Other than that, you

22  will never come over to the bench.  And many times the

23  attorneys will say, "Well, we have to discuss something outside

24  the presence of the jury.  Can we approach the bench?"  And

25  I'll say no, you can't do it.  I been at this game since -- I

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1    first went on the bench, I hate to admit it, 1974.  So that's a
2    few years I've been here.  I feel very comfortable in making
3    evidentiary decisions on cases.  Am I always right?  No.  We
4    never are.  If I'm wrong on something or you have an objection
5    to something or you want to put something on the record, you'll
6    have plenty opportunity to do it at the next time we break in
7    the jury so they're no longer in the room.  You can make the
8    objections and tell me anything that you wish and we can
9    correct anything that has to be corrected, but there are no
10   bench trials.
11        Another rule of the Court is, always present evidence
12   through the clerk.  If you have evidence, never approach a
13   witness directly.  If you have an item, hand it to the clerk,
14   and the clerk will hand it to the witness.
15        Going back to the -- going back to the objections, if you
16   offer something into evidence and I don't hear an objection, I
17   will rule on it assuming there's no objection to it.  I'll
18   always wait two or three seconds to give the other side a
19   chance to object, but rather than turning around and saying,
20   "Do you object or not object," I'm not going to do that.  If
21   they move something into evidence and I hear no objection, then
22   I'll go ahead and rule on it.
23        As you're presenting evidence, if you have voluminous
24   documents, if you have a -- let's say you're talking about some
25   policy manual or something and you're talking about four or

```
1    five pages of that policy and you want to introduce a policy
2    manual into evidence.  I'm not going to receive it into
3    evidence.  Only offer those pages that have been referred to in
4    front of the jury.
5         Another thing is, is that always talk from the lectern.
6    In state court, you know, you'll walk all over the court,
7    et cetera.  Not here.  Always speak from the lectern, whether
8    you're questioning, whether you're arguing to the jury,
9    anything that -- now, I'm not talking about if you make an
10   objection.  You don't have to stand up or run to the podium to
11   make an objection.  Just stand and make your objection.  But
12   anytime you're arguing, asking questions, always speak from the
13   lectern.  And not only from the lectern, but from the mic at
14   the lectern, so she can take down everything that's being said.
15   So -- and every now and then we'll correct you and say, you
16   know, can you get closer to the mic or whatever it is, because
17   she may be having difficulty on it.
18        Let me talk about another -- in this case, there has been,
19   and I may be wrong on this, but I sense there is a -- there is
20   a little bit of hostility.  I think it's probably with the
21   parties, because attorneys are normally too professional to get
22   into that.  But there's a little bit of hostility.  But let me
23   make sure that everybody understands that I normally will go
24   with anything that the attorneys want to do if both sides agree
25   on it.  I really encourage you to talk quite a bit and see what
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1    you can agree on.  So long as it doesn't affect the timing or

 2    the jurors, because I'm very protective of the jurors, and I'll

 3    talk about that later, but anything -- you know, you want to

 4    call a witness out of order, I don't care, if the two of you

 5    agree on it.  Want to take discovery halfway through the trial,

 6    I don't care, if the two of you agree to it, two sides agree on

 7    it.  But the one thing the Court really comes down, and let me

 8    warn you, comes down very heavily on, is if there's any sign of

 9    lack of civility between the attorneys in front of the jury.

10    And I'll warn you on that, because there are serious

11    consequences if that happens.  I don't care if the two of you

12    or the two sides want to go out in the alley and duke it out

13    afterwards.  You know, you do anything you want.  Not in front

14    of the jury.  This jury is going to leave here thinking that

15    both sides have total respect for the other sides as being

16    officers of the court, because that's what I expect both sides

17    to be, is officers of the court.  And that's the one place you

18    can really get in trouble with this Court.  And I don't expect

19    it, but every now and then it happens.

20         Along those same lines, if I have to correct somebody more

21    than once or more than twice, if it gets repetitive or I think

22    it's intentional, I'll correct you in front of the jury, and

23    that's what you don't want to have happen.  If the jury knows

24    that I'm scolding you or correcting you in front of the jury,

25    you'll lose credibility with the jury.  So don't make me do
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1    that.  But normally that won't happen unless I have warned you

2    a couple of times and I think it's being done intentionally.

3    That's normally when that happens.

4        I don't think this case is going to get into it, but we

5    always require you to use last names.  If you have a witness on

6    the stand, you never talk about Jimmy or Mary or whatever it

7    is.  Everyone has the dignity of being referred to by their

8    last name.

9        Let me talk to you a little bit about timing.  And this is

10   the area that a lot of people have trouble with.  We will start

11   the case -- as I told you, the first day, you'll come in at

12   9:00 o'clock.  We won't start till quarter of 10:00, and that's

13   when we'll voir dire the jury.  Every day thereafter, we will

14   start at 8:30, and we'll go from 8:30 until 11:30, which is

15   three hours.  We'll have a 15-minute break in there.  And then

16   we'll go for lunch from 11:30 until 1:00.  We'll come back at

17   1:00, and we'll go from 1:00 until 4:00.  Three hours.  I

18   expect everyone to be here, and I'll be telling the jury this

19   also, at 8:30.  We're not going to start at 8:31 or 8:32.  And

20   I'll be telling the jury that if you're late, everyone's going

21   to be sitting here in the courtroom twiddling our thumbs as you

22   walk in the door late, and you could be looking at sanctions.

23   You can set your watch by this.  11:30.  We'll break right at

24   11:30, start right at 1:00 o'clock, and break right at 4:00

25   o'clock.  If you're halfway through a question at 4:00 o'clock,

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1    I'll say remember the question, you can ask it when you come
 2    back in tomorrow.  But if we tell these jurors, who we pull in
 3    against their will, almost involuntary servitude, to serve, and
 4    they don't particularly care to be here, the least we can do is
 5    tell them that at 4:00 o'clock they're free, people can come
 6    and pick them up whenever they want, they can make their plans.
 7    We're not going to hold them over.  At 4:00 o'clock, they're
 8    through.  So, as I said, you can almost set your clock by -- or
 9    your watch by the hours that we keep here.  For those of you
10    that are sports fans, old John Wooden used to say it's just as
11    important to end on time as it is start on time, and I always
12    thought that was a good saying, and that's what we do here.
13    You might say -- well, I'll get to that in just a second.
14         Let me talk to you about the times on the trial itself.  I
15    ask for, and the rule is very specific about giving me, a
16    witness list with specific things that are unique about that
17    witness's testimony, and the reason I do that is this.  If
18    you're in the Rose Bowl on New Year's Day, football game,
19    100,000 people there, and somebody shoots somebody, you could
20    call 100,000 witnesses or you could call one witness.  I don't
21    care how many witnesses you call.  I go by what the testimony's
22    going to be.  And if you want to call 100,000 witnesses in that
23    20 minutes I give you, call them.  Talk fast.  But that's up to
24    you.  I break this down.  I take the witness list, I look at
25    the uniqueness of what everybody's going to testify to and how
```

```
 1    much time it's going to take.  And I'll tell you, on this case
 2    I've done that, and really there are -- there are really three
 3    areas in this case.  There's the false claims, the scientific
 4    evidence that goes behind them, the false claims and ads
 5    allegations going both ways, and that should take -- you know,
 6    if you were asked to give a lecture on that, you could do that
 7    within an hour, both sides.  So that would be about two hours.
 8    The trade secret, an hour and a half, maybe two hours.
 9    Damages, about an hour.  That's about five hours this case
10    should be able to be tried in.  I'm going to double that, give
11    each side probably five hours.  I'll tell you specifically,
12    because I go through these right before trial, specifically how
13    many hours you have when we come in, but it's about five hours
14    per side.  I keep a running clock on that, and as we go through
15    the trial, anytime you wish, I can tell you how much time you
16    have left.  For instance, if you have three hours left -- I'll
17    probably give it to you in the form of minutes.  You have 180
18    minutes left, you used 40 minutes, whatever it is, and I keep a
19    running clock of that.  The clock is running not in opening
20    statement, not in closing argument.  I'll talk to you about
21    limits on that later.  The clock is running anytime you're
22    asking questions of a witness, whether it's cross-examination
23    or direct examination.  Here's the kicker, is that when you've
24    finished your time and you've run out of time, even though
25    you're midway through a witness, you're through.  If the other
```

```
1    side still has some time left, they're going to be asking
2    questions, you're not going to be able to cross-examine,
3    because you're out of time.  So, you know, think about that as
4    you go through this.  Once you hit that time limit, you're
5    through.
6         Now, there's a caveat on that, and that is, if the case is
7    presented efficiently and effectively, and the interests of
8    justice calls for more time, I'll give you more time,
9    obviously.  I can tell you, in the 15 years I've been on the
10   federal court and the number of trials I've had during that
11   period of time, that's only happened once.  So don't count on
12   it.  But if I've missed it and it's been done efficiently and
13   effectively and it still requires more time, I will do that,
14   but that's -- that's a long shot.
15        Now, you may say, well, what happens -- when I talk about
16   these times and we're going to end right at 4:00 o'clock, what
17   happens if I have a witness, and it's my last witness, and I
18   run out of time at maybe quarter of 4:00?  Can we break at
19   quarter of 4:00 rather than 4:00 o'clock?  And the answer is,
20   sure you can, but those 15 minutes come off your time.  So make
21   sure you have backup witnesses during this trial to be able to
22   fill those times so you don't lose minutes without any value to
23   them.
24        Let me see what else we have here.  The other thing I
25   wanted to talk to you -- first of all, any questions up till
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1    now about what I've talked to you about?

2              MS. HANNA:  Just one, Your Honor.

3              THE COURT:  Sure.

4              MS. HANNA:  There was a request by defendants -- I

5    don't know if the Court intends to address this.  There was a

6    request by defendant to bifurcate the trial.

7              THE COURT:  As to damages and --

8              MS. HANNA:  Actually, no.  They asked to bifurcate

9    based on the equitable and non-equitable --

10             THE COURT:  Oh, yeah, there was, and --

11             MS. HANNA:  We would oppose --

12             THE COURT:  -- neither side were opposing it.

13             MS. HANNA:  We would oppose that.

14             THE COURT:  I will make -- by the way, if I decide

15   it's bifurcated, the time limit goes towards both sections, if

16   that's what you're asking, but I will decide that on the day of

17   trial.  I'll let you know that at 9:00 o'clock in the morning

18   on that date.

19             MS. HIGHTOWER:  Your Honor?

20             THE COURT:  Yes.

21             MS. HIGHTOWER:  One clarification again for my own

22   sake.

23             THE COURT:  Sure.

24             MS. HIGHTOWER:  When you say five hours per side,

25   you're talking about Vestagen being one side; is that correct?

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1              THE COURT:  Yes.  Yes.

 2              MS. HIGHTOWER:  Thank you.

 3              THE COURT:  And I might very well give the defense a

 4    little bit more time than the other side.  I'm giving you

 5    approximate time at this time.  I'll tell you when you come in

 6    on Monday exactly what it will be, but that's one of the things

 7    I'm going to be considering.  So you may see -- in fact,

 8    sometimes I give the plaintiff more time, because what they

 9    have is the claim, defense doesn't have a claim, and in proving

10    their claim, they're going to take most of what time is needed

11    for the defense.  This case we got claims going both ways, but

12    we do have two people on this side.  I realize that.  I'll take

13    that into consideration.

14              MS. HIGHTOWER:  Thank you.

15              THE COURT:  The last thing I want to mention is that,

16    you know, I've looked at this case, been here a long time.  It

17    is a case that I think that there is some principle and

18    personalities involved in it, but those are the clients, not

19    the attorneys.  But still, they're the clients, and they

20    dictate what goes together and what doesn't.  Business-wise,

21    I'm looking at this case and I'm saying, if this was strictly a

22    business case, strong probability that it should have settled

23    by now.  It hasn't.  As you know, one side could lose big, the

24    other side could lose big.  In this case -- I've seen many,

25    many times that if they say that doesn't really amount to false
```

```
 1   advertising, they'll probably say the other side doesn't amount
 2   to false -- so you might both lose on it, get nothing on it.
 3   And I'm saying that not because I'm going to get into it.  I'm
 4   not here nor do I care about settlements, because I'm here to
 5   try the case, but I do feel that this case is one that really
 6   should exhaust, as much as possible, settlement.  So I'm going
 7   to do this.  I know you're working with a judge right now.  If
 8   you resolve this with that judge by Thursday of this week, no
 9   problem.  If not, I'm going to order this goes to the panel for
10   further settlement discussion.  So you let me know by Thursday
11   at 2:00 o'clock if it's been able to resolve, and if not, it's
12   going to go to the panel arbitrators to see if it can resolve.
13   If it does, both sides going to win.  If it doesn't, one side's
14   not going to be very happy.  And there's a good chance that if
15   it comes back neutral that both sides will not be very happy,
16   because it's expending money that you don't have to expend.
17        Okay.  I've tried to cover everything on pretrial.  I'll
18   be able to talk to you more at 9:00 o'clock in the morning on
19   the 5th.
20        Is there anything else I can do for you at this time?
21             MR. VERDE:  Yes, Your Honor.  Because there's two
22   sides, two counsel on Vestagen's side who are conducting the
23   opening, can we break up pieces depending on the lawyers
24   presenting on the opening if that is a desire?
25             THE COURT:  Oh, opening doesn't have to be one
```

```
 1   attorney.

 2           MR. VERDE:  Thank you, Your Honor.

 3           THE COURT:  I don't know what you mean by breaking it

 4   up.  I don't want argue, argue, argue, argue, argue, but one

 5   side is going to talk about their case, one defendant is going

 6   to talk about their case, one defense is going to talk -- yes,

 7   so -- and you're going to have that in argument, also, at the

 8   end of the case.

 9           MR. VERDE:  Thank you, Your Honor.  And how about also

10   with respect to questioning witnesses?

11           THE COURT:  Yes.  Yep.

12           MR. VERDE:  Thank you.

13           THE COURT:  Yeah.  There are two -- I said there's one

14   side.  There's two parties.  Yeah.

15       Okay.  Anything else?

16       Counsel, thank you very much for coming in.  I appreciate

17   it.  We'll see you back in on the 5th unless something happens

18   as far as resolving it.  If it does before Thursday, let me

19   know, otherwise we're going to be sending it to the panel.

20           MS. HANNA:  Thank you, Your Honor.

21           MS. HIGHTOWER:  Thank you, Your Honor.

22

23           (Proceedings concluded at 9:38 a.m.)

24

25                     --oOo--
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1                             *CERTIFICATE*

2

3          *I hereby certify that pursuant to Section 753,*

4     *Title 28, United States Code, the foregoing is a true and*

5     *correct transcript of the stenographically reported proceedings*

6     *held in the above-entitled matter and that the transcript page*

7     *format is in conformance with the regulations of the*

8     *Judicial Conference of the United States.*

9

10    *Date:  JANUARY 12, 2018*

11

12

13

14                   */S/ SANDRA MACNEIL*
                     _____

15                  *Sandra MacNeil, CSR No. 9013*

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

---

**-**

**--ooo [1]** 21/25

**/**

**/s [1]** 22/14

**1**

**10 [1]** 5/13
**100,000 [3]** 15/19 15/20
 15/22
**1000 [1]** 2/5
**10:00 [3]** 6/22 6/23 14/12
**11:30 [4]** 14/14 14/16
 14/23 14/24
**12 [1]** 22/10
**14 [4]** 7/22 7/23 7/25 8/1
**15 [2]** 17/9 17/20
**15-minute [1]** 14/15
**1500 [1]** 2/17
**152 [1]** 2/13
**16-5900 [1]** 3/5
**16-5900-RGK [1]** 1/7
**17901 [1]** 2/5
**180 [1]** 16/17
**1974 [1]** 11/1
**1:00 [4]** 14/16 14/17 14/17
 14/24

**2**

**20 [1]** 15/23
**200 [1]** 2/8
**2017 [2]** 1/17 3/1
**2018 [1]** 22/10
**21 [2]** 1/17 3/1
**213.894.5949 [1]** 1/25
**255 [1]** 1/24
**28 [1]** 22/4
**2900 [1]** 2/8
**2:00 [1]** 20/11

**3**

**312.638.5671 [1]** 2/9

**4**

**40 [1]** 16/18
**408.286.0880 [1]** 2/14
**4:00 [4]** 14/17 14/24 17/18
 17/19
**4:00 o'clock [5]** 14/25
 15/5 15/7 17/16 17/19

**5**

**5900 [1]** 3/5
**5th [3]** 3/24 20/19 21/17

**6**

**60606 [1]** 2/8
**695 [1]** 2/16

**7**

**700 [1]** 2/13
**714.557.7990 [1]** 2/6
**714.800.7900 [1]** 2/18
**753 [1]** 22/3

**8**

**8:30 [3]** 14/14 14/14 14/19
**8:31 [1]** 14/19
**8:32 [1]** 14/19

**9**

**90012 [1]** 1/24

**9013 [2]** 1/23 22/15
**92614 [1]** 2/17
**92626 [1]** 2/9
**95112 [1]** 2/13
**9:00 [5]** 6/20 6/23 14/12
 18/17 20/18
**9:13 [2]** 1/18 3/2
**9:38 [1]** 21/23

**A**

**a.m [3]** 1/18 3/2 21/23
**able [7]** 4/24 8/10 16/10
 17/2 17/21 20/11 20/18
**about [35]**
**above [1]** 22/6
**above-entitled [1]** 22/6
**acceptable [1]** 4/17
**Actually [1]** 18/8
**address [1]** 18/5
**adhere [1]** 10/5
**admissible [1]** 6/8
**admit [1]** 11/1
**ads [1]** 16/4
**advertising [4]** 5/10 7/6
 7/8 20/1
**affect [1]** 13/1
**After [1]** 8/1
**afterwards [1]** 13/13
**again [4]** 4/20 5/10 5/14
 18/21
**against [1]** 15/3
**agree [5]** 12/24 13/1 13/5
 13/6 13/6
**ahead [2]** 9/19 11/22
**all [12]** 4/9 4/13 4/18
 4/19 7/20 8/2 8/11 9/10
 9/12 10/3 12/6 17/25
**allegations [1]** 16/5
**alleges [3]** 7/6 7/7 7/8
**alleging [1]** 7/2
**alley [1]** 13/12
**almost [2]** 15/3 15/8
**Along [1]** 13/20
**also [6]** 6/14 9/2 10/14
 14/19 21/7 21/9
**always [8]** 11/3 11/11
 11/18 12/5 12/7 12/12 14/5
 15/11
**Am [1]** 11/3
**amount [2]** 19/25 20/1
**ANGELES [3]** 1/19 1/24 3/1
**another [4]** 8/19 11/11
 12/5 12/18
**answer [1]** 17/19
**any [8]** 8/21 8/22 9/9 9/13
 10/20 13/8 17/22 17/25
**anybody [1]** 5/21
**anything [8]** 11/8 11/9
 12/9 12/24 13/3 13/13
 20/20 21/15
**anytime [4]** 10/6 12/12
 16/15 16/21
**appearances [2]** 2/1 3/7
**appearing [3]** 3/9 3/14
 3/18
**appreciate [1]** 21/16
**approach [2]** 10/24 11/12
**appropriate [1]** 7/20
**approximate [1]** 19/5
**arbitrators [1]** 20/12
**ARBUTHNOT [2]** 2/12 3/14
**are [18]** 4/12 4/13 4/14

**4/18 6/8 7/14 9/5 11/4
15/16 16/2 16/2 19/18
20/22 21/13
area [1]** 14/10
**areas [1]** 16/3
**argue [6]** 10/11 21/4 21/4
 21/4 21/4 21/4
**arguing [2]** 12/8 12/12
**argument [2]** 16/20 21/7
**around [2]** 10/3 11/19
**as [36]**
**ask [4]** 6/1 7/10 15/1
 15/15
**asked [2]** 16/6 18/8
**asking [5]** 5/21 12/12
 16/22 17/1 18/16
**assuming [1]** 11/17
**at [40]**
**attorney [6]** 2/4 2/7 2/12
 2/15 2/16 21/1
**attorneys [7]** 5/17 8/3
 10/23 12/21 12/24 13/9
 19/19
**AUGUST [2]** 1/17 3/1
**AVENUE [1]** 2/5

**B**

**back [8]** 8/15 9/23 11/15
 11/15 14/16 15/2 20/15
 21/17
**backup [1]** 17/21
**banc [1]** 8/16
**based [1]** 18/9
**basically [2]** 4/7 7/9
**be [55]**
**because [20]** 3/21 4/2 4/14
 4/19 6/6 6/12 6/16 10/8
 12/16 12/21 13/2 13/10
 13/16 16/12 17/3 19/8 20/3
 20/4 20/16 20/21
**becoming [1]** 4/19
**been [11]** 4/6 6/12 7/18
 10/25 11/2 12/3 12/18 17/9
 17/12 19/16 20/11
**Beevis [1]** 4/11
**before [6]** 6/15 6/25 7/1
 9/23 16/12 21/18
**behalf [1]** 3/18
**behind [1]** 16/4
**being [7]** 5/7 6/12 12/14
 13/15 14/2 14/7 18/25
**bench [8]** 8/2 8/16 9/24
 10/20 10/22 10/24 11/1
 11/10
**between [1]** 13/9
**bifurcate [2]** 18/6 18/8
**bifurcated [1]** 18/15
**big [3]** 10/2 19/23 19/24
**bit [6]** 3/25 12/20 12/22
 12/25 14/9 19/4
**both [11]** 8/3 12/24 13/15
 13/16 16/5 16/7 18/15
 19/11 20/2 20/13 20/15
**Bowl [1]** 15/18
**break [7]** 11/6 14/15 14/23
 14/24 15/24 17/18 20/23
**breaking [1]** 21/3
**briefly [3]** 4/5 4/8 9/14
**bring [6]** 6/5 6/6 6/15
 7/22 8/18 9/21
**bucks [1]** 10/3

**B**

build [1]   8/10
business [2]   19/20 19/22
Business-wise [1]   19/20
but [35]

**C**

CA [1]   1/24
CALIFORNIA [6]   1/2 1/19
  2/5 2/13 2/17 3/1
call [12]   7/12 7/12 7/14
  7/15 8/17 10/18 13/4 15/20
  15/20 15/21 15/22 15/23
calls [1]   17/8
can [30]
can't [3]   4/15 6/17 10/25
cannot [1]   6/11
care [6]   13/4 13/6 13/11
  15/4 15/21 20/4
careful [1]   6/14
case [29]
cases [1]   11/3
cause [2]   8/4 8/14
caused [3]   5/9 5/12 5/13
caveat [1]   17/6
CENTER [1]   2/16
CENTRAL [1]   1/2
CERTIFICATE [1]   22/1
certify [1]   22/3
cetera [3]   5/1 5/23 12/7
challenge [2]   8/8 8/14
challenges [8]   7/24 8/4
  8/5 8/7 8/11 8/14 8/15 9/1
chance [2]   11/19 20/14
CHICAGO [1]   2/8
Civil [1]   3/5
civility [1]   13/9
claim [3]   19/9 19/9 19/10
claimant [3]   1/10 2/10 9/3
claims [3]   16/3 16/4 19/11
clarification [1]   18/21
clerk [3]   11/12 11/13
  11/14
clients [2]   19/18 19/19
clock [5]   15/8 16/14 16/19
  16/19 16/21
closer [1]   12/16
closing [1]   16/20
Code [1]   22/4
colleague [2]   3/11 3/19
come [14]   4/15 6/20 6/21
  8/2 8/15 9/23 10/22 14/11
  14/16 15/1 15/5 16/13
  17/20 19/5
comes [6]   4/20 5/7 6/15
  13/7 13/8 20/15
comfortable [1]   11/2
coming [1]   21/16
complainant [1]   3/18
concerned [2]   4/2 9/1
concluded [1]   21/23
conducting [1]   20/22
conducts [1]   7/16
Conference [1]   22/8
conferences [2]   3/22 10/20
confirm [1]   5/15
conformance [1]   22/7
confusing [2]   10/1 10/3
consequences [1]   13/11
consideration [2]   7/17
  19/13

considering [1]   19/7
continue [1]   8/19
continues [1]   8/20
correct [6]   9/7 11/9 12/15
  13/20 13/22 18/25 22/5
corrected [1]   11/9
correcting [1]   13/24
cost [1]   6/14
COSTA [1]   2/17
could [6]   14/22 15/19
  15/20 16/6 19/23 19/24
couldn't [1]   6/8
counsel [6]   2/1 3/7 4/13
  9/2 20/22 21/16
count [1]   17/11
COUNTER [4]   1/10 1/13 2/3
  2/10
COUNTER-CLAIMANT [1]   1/10
COUNTER-DEFENDANT [1]   1/13
couple [1]   14/2
court [18]   1/1 1/23 5/18
  6/9 7/16 7/18 9/25 10/1
  10/20 11/11 12/6 12/6 13/7
  13/16 13/17 13/18 17/10
  18/5
courtroom [1]   14/21
cover [1]   20/17
credibility [1]   13/25
cross [5]   3/10 3/18 9/3
  16/22 17/2
cross-claimant [1]   9/3
cross-complainant [1]   3/18
cross-defendants [1]   3/10
cross-examination [1]
  16/22
cross-examine [1]   17/2
CRR [1]   1/23
CSR [2]   1/23 22/15
CV [1]   1/7

**D**

damages [2]   16/9 18/7
DARMSTADTER [2]   2/7 3/11
date [6]   6/20 6/21 6/25
  7/1 18/18 22/10
day [11]   4/7 5/14 7/11
  7/12 7/14 7/14 7/15 14/11
  14/13 15/18 18/16
days [1]   7/1
DEAKINS [2]   2/15 3/18
decide [2]   18/14 18/16
decisions [1]   11/3
defendant [13]   1/9 1/13
  2/3 2/10 3/14 5/9 5/12 7/6
  7/7 7/8 9/2 18/6 21/5
DEFENDANT/COUNTER-CLAIMANT [1]
  2/10
defendants [2]   3/10 18/4
defense [6]   4/9 4/10 19/3
  19/9 19/11 21/6
denied [9]   4/22 4/22 4/23
  4/23 5/3 5/3 5/3 5/13 5/14
depending [1]   20/23
desire [1]   20/24
determine [1]   7/4
dictate [1]   19/20
different [2]   9/7 10/1
difficulty [1]   12/17
dignity [1]   14/7
dire [8]   7/16 7/17 7/18
  7/20 8/19 8/22 10/21 14/13
direct [1]   16/23
directly [2]   6/2 11/13

discovery [1]   13/5
discuss [2]   13/24 18/13
discussion [1]   20/10
DISTRICT [4]   1/1 1/2 1/3
  1/23
DIVISION [1]   1/2
divvy [1]   9/9
do [23]
documents [1]   11/24
does [3]   10/20 20/13 21/18
doesn't [8]   8/9 13/1 19/9
  19/20 19/25 20/1 20/13
  20/25
doing [1]   7/20
don't [23]
done [3]   14/2 16/2 17/12
door [1]   14/22
double [1]   16/10
down [6]   10/8 10/8 12/14
  13/7 13/8 15/24
DRIVE [2]   2/8 2/16
duke [1]   13/12
during [2]   17/10 17/21

**E**

each [4]   7/2 7/23 8/6
  16/11
East [1]   1/24
effect [1]   5/1
effectively [2]   17/7 17/13
efficiently [2]   17/7 17/12
eight [3]   7/25 8/20 9/20
either [1]   4/18
else [4]   9/23 17/24 20/20
  21/15
en [1]   8/16
en banc [1]   8/16
encourage [1]   12/25
end [3]   15/11 17/16 21/8
engage [1]   5/10
engaged [2]   7/6 7/7
entire [1]   7/17
entitled [1]   22/6
equal [1]   8/15
equitable [2]   18/9 18/9
ERICKSEN [2]   2/12 3/14
et [3]   5/1 5/23 12/7
et cetera [3]   5/1 5/23
  12/7
even [2]   10/8 16/24
every [6]   7/11 7/14 10/1
  12/15 13/19 14/13
everybody [1]   12/23
everybody's [1]   15/25
everyone [2]   14/7 14/18
everyone's [1]   14/20
everything [3]   9/23 12/14
  20/17
evidence [13]   4/20 5/18
  6/6 6/9 6/16 11/11 11/12
  11/16 11/21 11/23 12/2
  12/3 16/4
evidentiary [2]   4/14 11/3
exactly [1]   19/6
examination [2]   16/22
  16/23
examine [1]   17/2
exclude [1]   4/10
excluded [2]   5/8 6/12
excluding [1]   7/23
excuse [3]   5/9 5/12 8/16
excused [4]   8/17 8/18 9/16

**E**

excused... [1]  9/18
excusing [2]  8/17 9/22
exhaust [1]  20/6
existence [1]  6/1
exists [2]  5/24 5/25
expect [4]  3/25 13/16
  13/18 14/18
expend [1]  20/16
expending [1]  20/16
expenses [1]  6/18
expert [6]  4/25 5/19 5/19
  5/21 6/1 6/3
extent [1]  7/19

**F**

facing [3]  6/13 6/13 6/14
fact [2]  4/13 19/7
false [6]  7/6 7/7 16/3
  16/4 19/25 20/2
fans [1]  15/10
far [5]  4/1 4/25 8/22 9/1
  21/18
fast [1]  15/23
feasible [1]  5/23
federal [1]  17/10
feel [2]  11/2 20/5
few [2]  7/1 11/2
figure [2]  8/12 10/3
filed [1]  4/6
fill [2]  9/19 17/22
finished [2]  8/2 16/24
first [5]  4/4 4/9 11/1
  14/11 17/25
five [5]  12/1 16/9 16/11
  16/13 18/24
follow [1]  6/9
football [1]  15/18
foregoing [1]  22/4
form [1]  16/17
format [1]  22/7
foundation [3]  4/16 5/6
  5/11
foundations [1]  4/19
four [6]  7/24 8/5 8/10 9/8
  9/11 11/25
free [1]  15/5
front [7]  6/11 10/11 12/4
  13/9 13/13 13/22 13/24
further [1]  20/10

**G**

game [2]  10/25 15/18
Garay [1]  4/11
GARY [1]  1/3
general [1]  7/5
get [15]  4/2 6/16 6/17 7/1
  7/24 8/20 9/22 10/2 12/16
  12/21 13/18 14/4 15/13
  20/2 20/3
gets [1]  13/21
give [9]  4/5 11/18 15/23
  16/6 16/10 16/17 17/8 19/3
  19/8
giving [2]  15/15 19/4
go [22]  4/2 4/8 4/8 4/21
  5/14 6/19 7/22 8/1 8/4
  8/21 9/19 11/22 12/23
  13/12 14/14 14/16 14/17
  15/21 16/12 16/14 17/4
  20/12
goes [4]  16/4 18/15 19/20

20/9
going [4]  12/9 13/22
gone [1]  9/14
good [5]  3/8 3/13 3/17
  15/12 20/14
got [1]  19/11
gotta [1]  8/12
granted [8]  4/22 4/23 5/4
  5/4 5/5 5/6 5/7 5/11

**H**

had [1]  17/10
half [1]  16/8
halfway [2]  13/5 14/25
hand [2]  11/13 11/14
handled [1]  5/5
HANNA [1]  2/4 3/8
happen [2]  13/23 14/1
happened [1]  17/11
happens [6]  13/11 13/19
  14/3 17/15 17/17 21/17
happy [2]  20/14 20/15
has [6]  7/3 8/11 11/9
  12/18 14/7 17/11
hasn't [1]  19/23
hate [1]  11/1
have [45]
having [1]  12/17
hear [3]  10/8 11/16 11/21
hearing [2]  3/23 7/3
hearings [1]  4/14
hearsay [4]  10/12 10/13
  10/13 10/14
heavily [1]  13/8
held [1]  22/6
here [15]  7/13 8/3 10/4
  11/2 12/7 13/14 14/18
  14/21 15/4 15/9 15/12
  17/24 19/16 20/4 20/4
Here's [1]  16/23
hereby [1]  22/3
HIGHTOWER [2]  2/12 3/14
hit [1]  17/4
hmm [1]  9/4
hold [1]  15/7
Honor [12]  3/8 3/13 3/17
  8/25 9/14 18/12 19/10 20/21
  21/2 21/9 21/20 21/21
HONORABLE [1]  1/3
hostility [2]  12/20 12/22
hour [3]  16/7 16/8 16/9
hours [11]  14/15 14/17
  15/9 16/7 16/8 16/9 16/11
  16/13 16/13 16/16 18/24
how [7]  7/12 8/23 15/21
  15/25 16/12 16/15 21/9
however [1]  9/10
hypothetical [2]  5/23 5/24
hypotheticals [3]  5/20
  5/21 6/3

**I**

I'd [1]  4/4
I'll [28]
I'm [18]  4/5 11/4 11/20
  12/2 12/9 13/2 13/24 16/10
  19/4 19/7 19/21 19/21 20/3
  20/3 20/3 20/4 20/6 20/9
I've [11]  8/1 9/6 11/2
  16/2 17/9 17/10 17/12 18/1
  19/16 19/24 20/17
if [54]

**ILLINOIS [1]**  2/8
important [2]  11/5 16/1
in [78]
in limine [2]  4/6 4/13
INC [6]  1/5 1/8 1/9 1/12
  2/3 2/11
incorporate [1]  7/19
instance [2]  10/12 16/16
intend [1]  7/12
intends [1]  18/5
intentional [1]  13/22
intentionally [1]  14/2
interesting [1]  10/19
interests [1]  17/7
into [12]  4/2 6/15 7/17
  9/17 11/16 11/21 12/2 12/2
  12/22 14/4 19/13 20/3
introduce [1]  12/1
involuntary [1]  15/3
involved [1]  19/18
irrelevant [1]  6/12
IRVINE [1]  2/5
is [63]
issues [1]  6/2
it [76]
it'll [1]  5/11
it's [21]  3/24 5/25 6/12
  7/5 9/7 9/8 10/13 10/16
  12/20 13/22 14/2 15/10
  16/1 16/13 16/22 17/12
  17/17 18/15 20/11 20/11
  20/16
item [2]  3/5 11/13
itself [2]  7/17 15/14

**J**

JANUARY [1]  22/10
Jimmy [1]  14/6
John [1]  15/10
jointly [1]  9/11
JOSE [1]  2/13
judge [3]  1/3 20/7 20/8
judges [1]  10/3
judgment [1]  5/6
Judicial [1]  22/8
juries [1]  10/2
juror [1]  9/17
jurors [10]  7/22 7/23 7/25
  8/1 8/20 9/16 9/18 13/2
  13/2 15/2
jury [24]
just [9]  8/17 9/10 10/14
  10/15 10/17 12/11 15/10
  15/13 18/2
justice [1]  17/8

**K**

KARMAN [1]  2/5
keep [3]  15/9 16/14 16/18
kicker [1]  16/23
kind [2]  7/21 10/19
KLAUSNER [1]  1/3
know [28]
knows [1]  13/23

**L**

lack [1]  13/9
laid [2]  4/17 5/11
last [4]  14/5 14/8 17/17
  19/15
late [2]  14/20 14/22
later [3]  6/11 13/3 16/21
LAW [5]  2/4 2/7 2/12 2/15

**L**

LAW... [1]   2/16
lawyers [1]   20/23
laying [1]   4/19
least [1]   15/4
leave [1]   13/14
lectern [5]   12/5 12/7 12/13 12/13 12/14
lecture [1]   16/6
left [5]   9/20 16/16 16/16 16/18 17/1
let [16]   4/8 4/12 4/21 6/19 7/16 8/22 10/4 12/18 12/22 13/7 14/9 15/14 17/24 18/17 20/10 21/18
let's [1]   11/24
like [3]   4/4 7/9 7/21
limine [4]   4/6 4/10 4/13 6/6
limit [2]   17/4 18/15
limited [1]   10/14
limits [1]   16/21
lines [1]   13/20
list [4]   7/11 7/13 15/16 15/24
little [7]   3/21 3/25 6/24 12/20 12/22 14/9 19/4
LLP [2]   2/4 2/7
long [3]   13/1 17/14 19/16
longer [2]   3/21 11/7
look [1]   15/24
looked [2]   9/6 19/16
looking [4]   6/17 6/18 14/22 19/21
LOS [3]   1/19 1/24 3/1
lose [7]   8/8 8/13 13/25 17/22 19/23 19/24 20/2
lot [2]   5/17 14/10
lunch [1]   14/16

**M**

MacNEIL [3]   1/23 22/14 22/15
make [15]   4/1 4/12 10/6 10/7 10/7 10/17 11/7 12/9 12/11 12/11 12/23 13/25 15/6 17/20 18/14
makes [1]   4/17
making [2]   10/9 11/2
manual [2]   11/25 12/2
many [7]   8/4 10/7 10/22 15/21 16/13 19/24 19/25
marketing [1]   5/1
Mary [1]   14/6
matter [5]   3/23 10/15 10/16 10/17 22/6
may [6]   4/15 6/7 12/17 12/19 17/15 19/7
maybe [2]   16/8 17/18
me [22]   3/10 3/19 4/8 4/12 4/21 5/9 5/12 6/19 7/16 8/22 10/4 11/8 12/18 12/22 13/7 13/25 14/9 15/14 15/15 17/24 20/10 21/18
mean [3]   4/15 8/11 21/3
mention [1]   19/15
MESA [1]   2/17
mic [2]   12/13 12/16
MICHELMAN [2]   2/4 2/7 3/9
midway [1]   16/25
might [4]   8/10 15/13 19/3

20/2
minute [1]   20/4
minutes [6]   15/23 16/17 16/18 16/18 17/20 17/22
missed [1]   17/12
mistrial [3]   6/13 6/13 6/17
Mitchell [1]   4/24
Mm [1]   9/4
Mm-hmm [1]   9/4
MONA [2]   2/4 3/8
MONDAY [3]   1/17 3/1 19/6
money [1]   20/16
moot [1]   5/5
more [9]   3/7 13/20 13/21 17/8 17/8 17/13 19/4 19/8 20/18
morning [5]   3/8 3/13 3/17 18/17 20/18
most [1]   19/10
motion [2]   4/10 4/10
motions [5]   4/5 4/13 4/18 5/17 6/6
move [1]   11/21
much [4]   16/1 16/15 20/6 21/16
mumbling [1]   10/9
my [4]   3/10 3/19 17/17 18/21

**N**

name [1]   14/8
names [1]   14/5
NASH [1]   2/15
need [4]   6/25 7/1 7/11 7/13
needed [1]   19/10
neither [1]   18/12
neutral [1]   20/15
never [6]   6/1 10/11 10/22 11/4 11/12 14/6
new [2]   9/21 15/18
next [1]   11/6
no [11]   1/7 7/4 10/25 11/3 11/7 11/9 11/17 11/21 18/8 20/8 22/15
No. [1]   3/5
No. 7 [1]   3/5
non [1]   18/9
non-equitable [1]   18/9
nor [1]   20/4
normally [4]   12/21 12/23 14/1 14/3
NORTH [1]   2/13
not [29]
nothing [1]   20/2
now [10]   9/8 10/19 12/9 12/15 13/19 17/6 17/15 18/1 19/23 20/7
number [20]   4/22 4/22 4/22 4/23 4/23 5/2 5/3 5/3 5/4 5/4 5/4 5/5 5/6 5/13 5/13 7/11 8/18 10/6 10/11 17/10

**O**

o'clock [13]   6/20 6/23 14/12 14/24 14/25 14/25 15/5 15/7 17/16 17/19 18/17 20/11 20/18
object [4]   10/13 11/19 11/20 11/20
objecting [1]   10/10

objection [14]   10/6 10/7 10/10 10/11 10/11 10/11 10/12 11/4 11/16 11/17 11/21 12/10 12/11 12/11
objections [3]   10/20 11/8 11/15
obviously [1]   17/9
off [1]   17/20
offer [2]   11/16 12/3
offered [3]   10/15 10/16 10/17
officers [2]   13/16 13/17
official [1]   1/23
OGLETREE [2]   2/15 3/18
oh [2]   18/10 20/25
okay [10]   3/12 3/16 3/20 6/19 7/9 9/11 9/24 9/25 20/17 21/15
old [1]   15/10
on [65]
once [5]   4/2 8/14 13/21 17/4 17/11
one [20]   5/17 6/24 8/25 9/8 10/6 13/7 13/17 15/20 18/2 18/21 18/25 19/6 19/23 20/5 20/13 20/25 21/4 21/5 21/6 21/13
ones [1]   7/14
only [6]   5/19 6/3 9/20 12/3 12/13 17/11
oOo [1]   21/25
opening [5]   6/10 16/19 20/23 20/24 20/25
opinion [2]   5/24 6/2
opinions [2]   4/25 4/25
opportunity [1]   11/6
oppose [2]   18/11 18/13
opposing [1]   18/12
or [31]
order [4]   7/12 7/15 13/4 20/9
other [16]   7/2 7/3 8/8 8/9 8/11 9/13 10/14 10/21 10/21 11/18 13/15 16/25 17/24 19/4 19/24 20/1
otherwise [1]   21/19
our [1]   14/21
out [8]   8/12 10/3 13/4 13/12 13/12 16/24 17/3 17/18
outside [1]   10/23
over [7]   5/14 8/2 8/3 9/22 10/22 12/6 15/7
own [1]   18/21

**P**

pack [1]   7/22
page [1]   22/6
pages [2]   12/1 12/3
paid [1]   10/2
PAISAN [2]   2/16 3/19
panel [4]   9/17 20/9 20/12 21/19
paragraph [1]   7/4
PARK [1]   2/17
part [3]   4/23 4/24 10/2
particular [1]   6/19
particularly [2]   10/19 15/4
parties [3]   9/7 12/21 21/14
PARTNERS [5]   1/5 1/12 2/3

**P**

**PARTNERS... [2]**   3/6 3/10
**party [2]**   5/7 5/10
**pass [2]**   8/7 8/10
**passes [1]**   8/9
**PC [1]**   2/15
**people [4]**   14/10 15/5
  15/19 19/12
**per [4]**   9/8 9/11 16/14
  18/24
**percipient [1]**   5/20
**peremptory [8]**   7/24 8/5
  8/7 8/8 8/10 8/13 8/15 9/1
**period [1]**   17/11
**personalities [1]**   19/18
**pick [1]**   15/6
**picking [2]**   6/22 7/24
**pieces [1]**   20/23
**place [1]**   13/17
**plaintiff [8]**   1/6 2/3 3/9
  5/9 5/12 7/6 7/7 7/9 7/8
**plaintiff's [2]**   5/2 5/2
**PLAINTIFF/COUNTER-DEFENDANT [1]**
  2/3
**plaintiffs [1]**   7/8
**plans [1]**   15/6
**please [1]**   3/7
**plenty [1]**   11/6
**podium [1]**   12/10
**policies [1]**   10/4
**policy [3]**   11/25 12/1 12/1
**possible [1]**   20/6
**preparations [1]**   4/1
**presence [1]**   10/24
**present [3]**   5/18 5/19
  11/11
**presented [1]**   17/7
**presenting [2]**   11/23 20/24
**pretrial [2]**   3/23 20/17
**principle [1]**   19/17
**probability [1]**   19/22
**probably [6]**   6/25 7/5
  12/20 16/11 16/17 20/1
**problem [1]**   20/9
**proceedings [3]**   1/16 21/23
  22/5
**process [1]**   8/20
**professional [1]**   12/21
**proper [1]**   4/1
**proposed [1]**   7/18
**protective [5]**   1/8 1/9
  2/10 3/6 13/2
**prove [1]**   6/11
**proving [1]**   19/9
**pull [1]**   15/2
**pursuant [1]**   22/3
**put [1]**   11/5

**Q**

**quarter [5]**   6/21 6/23
  14/12 17/18 17/19
**question [3]**   8/25 14/25
  15/1
**questioning [3]**   7/21 12/8
  21/10
**questions [12]**   7/10 7/18
  7/23 8/1 8/2 8/22 8/22
  9/13 12/12 16/22 17/2
  17/25
**quite [1]**   12/25

**R**

**rather [2]**   11/19 17/19
**reading [1]**   5/16
**real [1]**   6/8
**realize [1]**   19/12
**really [10]**   4/13 9/7 9/20
  12/25 13/7 13/18 16/2 16/2
  19/25 20/5
**reason [1]**   15/17
**receive [1]**   12/2
**record [1]**   11/5
**refer [2]**   6/7 6/10
**referred [2]**   12/3 14/7
**regulations [1]**   22/7
**relevant [2]**   4/17 4/19
**remember [3]**   5/16 8/7 15/1
**repetitive [1]**   13/21
**reported [1]**   22/5
**Reporter [1]**   1/23
**REPORTER'S [1]**   1/16
**represent [1]**   9/2
**request [2]**   18/4 18/6
**require [1]**   14/5
**requires [1]**   17/13
**resolve [3]**   20/8 20/11
  20/12
**resolving [1]**   21/18
**respect [3]**   9/16 13/15
  21/10
**rest [1]**   6/19
**RGK [1]**   1/7
**right [8]**   9/12 11/3 14/23
  14/24 14/24 16/12 17/16
  20/7
**RMR [1]**   1/23
**ROBINSON [3]**   2/4 2/7 3/9
**room [1]**   11/7
**Rose [1]**   15/18
**RPR [1]**   1/23
**rule [5]**   6/9 11/11 11/17
  11/22 15/15
**rules [2]**   6/9 9/25
**rulings [2]**   4/7 4/14
**run [3]**   12/10 16/24 17/18
**running [4]**   16/14 16/19
  16/19 16/21

**S**

**said [3]**   12/14 15/8 21/13
**sake [1]**   18/22
**same [1]**   13/20
**SAN [1]**   2/13
**sanctions [1]**   14/22
**SANDRA [3]**   1/23 22/14
  22/15
**say [14]**   8/17 10/14 10/14
  10/23 10/25 11/24 12/15
  15/1 15/10 15/13 17/15
  18/24 19/25 20/1
**saying [4]**   11/19 15/12
  19/21 20/3
**scheduled [1]**   3/24
**scheduling [1]**   3/21
**scientific [2]**   4/24 16/3
**scolding [1]**   13/24
**SEAN [2]**   2/16 3/19
**seats [1]**   3/20
**second [2]**   6/5 15/13
**seconds [1]**   11/18
**secret [1]**   16/8
**secrets [1]**   7/9

**Section [1]**   22/3
**sections [1]**   19/19
**see [5]**   12/25 17/24 19/7
  20/12 21/17
**seen [1]**   19/24
**sending [1]**   21/19
**sense [1]**   12/19
**September [1]**   3/24
**serious [1]**   13/10
**serve [1]**   15/3
**servitude [1]**   15/3
**set [3]**   3/23 14/23 15/8
**SETH [2]**   2/7 3/11
**settled [1]**   19/22
**settlement [2]**   20/6 20/10
**settlements [1]**   20/4
**seven [7]**   8/15 8/16 8/18
  8/19 8/19 9/20 9/21
**SHARON [2]**   2/12 3/13
**she [2]**   12/14 12/17
**shoots [1]**   15/19
**short [1]**   7/1
**shot [1]**   17/14
**should [7]**   5/16 7/4 9/25
  16/5 16/10 19/22 20/6
**show [3]**   5/8 5/11 5/25
**shows [1]**   6/1
**side [25]**
**side's [2]**   7/23 20/13
**sides [11]**   8/3 12/24 13/6
  13/12 13/15 13/15 13/16
  16/7 20/13 20/15 20/22
**sign [1]**   13/8
**significant [1]**   6/18
**since [1]**   10/25
**sit [1]**   9/23
**sitting [5]**   9/17 10/3 10/8
  10/8 14/21
**six [2]**   7/22 7/25
**six-pack [1]**   7/22
**slot [1]**   9/18
**SMOAK [1]**   2/15
**so [32]**
**solidify [1]**   4/6
**some [9]**   4/16 6/6 6/8 6/24
  9/25 10/4 11/24 17/1 19/17
**somebody [3]**   13/20 15/19
  15/19
**something [11]**   6/10 6/11
  7/9 10/23 11/4 11/5 11/5
  11/16 11/21 11/25 21/17
**sometimes [1]**   19/8
**SOUTH [1]**   2/8
**speak [2]**   12/7 12/12
**specific [3]**   6/8 15/15
  15/16
**specifically [2]**   16/11
  16/12
**sports [1]**   15/10
**stand [5]**   10/6 10/9 12/10
  12/11 14/6
**start [7]**   6/22 14/10 14/12
  14/14 14/19 14/24 15/11
**state [2]**   10/12 12/6
**statement [4]**   6/10 6/25
  7/1 16/20
**STATES [3]**   1/1 22/4 22/8
**stenographically [1]**   22/5
**STEWART [1]**   2/15
**still [3]**   17/1 17/13 19/19
**stole [1]**   7/8
**straight [1]**   4/2

**STRATEGIC [5]**   1/5 1/12 2/3
3/5 3/10
**strategically [1]**   8/13
**strategy [1]**   8/12
**Street [2]**   1/24 2/13
**strictly [1]**   19/21
**strong [1]**   19/22
**subject [1]**   4/18
**sudden [1]**   4/19
**SUITE [4]**   2/5 2/8 2/13
2/17
**summary [1]**   5/6
**sure [6]**   4/12 12/23 17/20
17/21 18/3 18/23

**T**

**take [9]**   3/25 7/17 12/14
13/5 15/24 16/1 16/5 19/10
19/12
**talk [22]**   4/16 4/24 6/10
6/23 7/16 8/3 9/21 12/5
12/18 12/25 13/3 14/6 14/9
15/14 15/23 16/20 17/15
17/25 20/18 21/5 21/6 21/6
**talked [1]**   18/1
**talking [4]**   11/24 11/25
12/9 18/25
**TECHNOLOGIES [3]**   1/8 1/9
2/11
**tell [11]**   10/4 10/13 10/16
11/8 15/2 15/5 16/1 16/11
16/15 17/9 19/5
**telling [2]**   14/18 14/20
**Temple [1]**   1/24
**tentative [3]**   4/12 4/13
4/18
**tentatives [1]**   4/5
**testify [4]**   5/19 5/20 6/4
15/25
**testimony [2]**   4/25 15/17
**testimony's [1]**   15/21
**than [9]**   3/21 7/4 10/21
10/21 11/19 13/21 13/21
17/19 19/4
**thank [9]**   9/12 19/2 19/14
21/2 21/9 21/12 21/16
21/20 21/21
**that [113]**
**that's [25]**
**their [7]**   6/2 14/7 15/3
15/6 19/10 21/5 21/6
**theirs [1]**   8/11
**them [17]**   4/8 4/16 4/17
4/21 6/8 6/9 7/10 7/13
7/19 8/17 9/10 15/5 15/6
15/7 15/23 16/4 17/23
**then [9]**   4/17 5/25 6/17
8/9 9/16 11/21 12/15 13/19
14/15
**there [17]**   9/20 9/22 11/9
12/18 12/19 12/19 13/10
14/15 15/19 16/2 16/2 18/4
18/5 18/10 19/17 20/20
21/13
**there's [11]**   6/6 9/2 11/7
12/22 13/8 16/3 17/6 20/14
20/21 21/13 21/14
**thereafter [1]**   14/13
**these [7]**   4/7 4/12 5/17
10/3 15/2 16/12 17/16

**they [16]**   4/14 4/15 5/20
6/7 10/22 11/17 11/18 11/18
11/21 15/4 15/6 15/6 18/8
19/8 19/19 19/25
**they'll [2]**   8/18 20/1
**they're [11]**   5/20 7/20
8/17 9/23 10/14 11/7 15/5
15/7 17/1 19/10 19/19
**thing [7]**   4/4 6/5 10/19
12/5 13/7 17/24 19/15
**things [6]**   5/16 6/7 6/24
6/24 15/16 19/6
**think [11]**   6/7 7/19 9/6
9/8 10/13 12/20 13/21 14/2
14/4 17/3 19/17
**thinking [1]**   13/14
**third [3]**   2/13 5/7 5/9
**this [47]**
**those [13]**   4/6 4/18 5/14
5/15 8/16 8/18 8/19 12/3
13/20 15/9 17/20 17/22
19/18
**though [1]**   16/24
**thought [1]**   15/12
**three [7]**   8/10 9/10 11/18
14/15 14/17 16/2 16/16
**three and [1]**   9/10
**through [22]**   3/25 4/2 4/8
4/8 4/21 5/16 7/22 8/1 8/4
8/14 8/20 8/21 11/12 13/5
14/25 15/8 16/12 16/14
16/25 16/25 17/4 17/5
**thumbs [1]**   14/21
**Thursday [3]**   20/8 20/10
21/18
**till [2]**   14/12 17/25
**time [25]**
**times [7]**   10/7 10/22 14/2
15/14 17/16 17/22 19/25
**timing [2]**   13/1 14/9
**Title [1]**   22/4
**to false [1]**   20/2
**today [1]**   3/10
**together [1]**   19/20
**told [1]**   14/11
**tomorrow [1]**   15/2
**too [1]**   12/21
**total [1]**   13/15
**towards [1]**   18/15
**TOWER [1]**   2/17
**TOWN [1]**   2/16
**trade [2]**   7/9 16/8
**transcript [3]**   1/16 22/5
22/6
**trial [16]**   3/24 4/1 4/7
4/15 5/14 5/18 6/14 6/20
6/21 13/5 15/14 16/12
16/15 17/21 18/6 18/17
**trials [2]**   11/10 17/10
**tried [2]**   16/10 20/17
**trouble [2]**   13/18 14/10
**true [2]**   5/22 22/4
**truth [3]**   10/15 10/16
10/17
**try [1]**   20/5
**turning [1]**   11/19
**twice [1]**   13/21
**twiddling [1]**   14/21
**two [19]**   5/16 7/11 9/6 9/9
9/9 10/11 11/18 13/4 13/6
13/6 13/11 13/12 16/7 16/8
19/12 20/21 20/22 21/13

21/14

**U**

**U.S [2]**   1/3 1/23
**understand [2]**   4/12 5/17
**understands [1]**   12/23
**unique [1]**   15/16
**uniqueness [1]**   15/25
**UNITED [3]**   1/1 22/4 22/8
**unless [7]**   4/16 5/6 5/8
5/11 8/8 14/1 21/17
**until [6]**   4/16 6/21 8/20
14/14 14/16 14/17
**up [14]**   4/15 5/25 6/5 6/6
6/11 6/15 8/10 9/19 12/10
15/6 15/23 17/25 20/23
21/4
**us [2]**   10/13 10/16
**use [1]**   14/5
**used [3]**   8/11 15/10 16/18

**V**

**value [1]**   17/22
**VERDE [2]**   2/15 3/17
**versus [1]**   3/6
**very [12]**   4/4 4/8 6/14 7/5
11/2 13/2 13/8 15/15 19/3
20/14 20/15 21/16
**VESTAGEN [10]**   1/8 1/9 2/10
3/6 3/15 3/19 9/1 9/2 9/3
18/25
**Vestagen's [1]**   20/22
**VINCE [2]**   2/15 3/17
**voir [8]**   7/16 7/17 7/18
7/20 8/19 8/22 10/21 14/13
**voluminous [1]**   11/23
**VON [1]**   2/5

**W**

**WACKER [1]**   2/8
**wait [1]**   11/18
**walk [2]**   12/6 14/22
**want [18]**   3/25 5/21 6/5
8/12 9/9 9/10 11/5 12/1
12/24 13/3 13/5 13/12
13/13 13/23 15/6 15/22
19/15 21/4
**wanted [1]**   17/25
**warn [2]**   13/8 13/10
**warned [1]**   14/1
**was [9]**   5/5 5/8 5/12 5/16
15/12 18/4 18/5 18/10
19/21
**wasting [1]**   4/20
**watch [2]**   14/23 15/9
**way [3]**   8/21 9/9 18/14
**ways [2]**   16/5 19/11
**we [35]**
**we'll [22]**   5/20 6/22 7/22
7/23 7/24 7/25 8/2 8/4
8/18 8/19 9/19 9/20 9/21
12/15 14/13 14/14 14/15
14/16 14/16 14/17 14/23
21/17
**we're [6]**   8/23 9/22 14/19
15/7 17/16 21/19
**we've [1]**   8/14
**week [1]**   20/8
**well [5]**   5/22 10/23 15/13
17/15 19/3
**went [1]**   11/1
**were [2]**   16/6 18/12

**W**

**WESTERN [1]**   1/2
**what [26]**
**what's [1]**   5/24
**whatever [6]**   4/17 6/12
 6/15 12/16 14/6 16/18
**when [15]**   5/16 5/18 6/22
 8/11 9/21 10/6 10/9 14/3
 14/13 15/1 16/13 16/23
 17/15 18/24 19/5
**whenever [1]**   15/6
**where [1]**   9/22
**whether [3]**   12/7 12/8
 16/22
**which [2]**   7/14 14/14
**who [3]**   9/22 15/2 20/22
**who's [1]**   8/16
**why [4]**   8/17 10/2 10/13
 10/16
**will [30]**
**win [1]**   20/13
**wise [1]**   19/20
**wish [2]**   11/8 16/15
**within [1]**   16/7
**without [2]**   4/20 17/22
**witness [13]**   5/20 7/13
 11/13 11/14 13/4 14/5
 15/16 15/20 15/24 16/22
 16/25 17/17 17/17
**witness's [1]**   15/17
**witnesses [7]**   4/11 7/11
 15/20 15/21 15/22 17/21
 21/10
**won't [5]**   6/21 8/16 10/8
 14/1 14/12
**Wooden [1]**   15/10
**words [2]**   7/2 7/3
**working [1]**   20/7
**would [11]**   4/24 5/2 5/7
 5/8 6/7 9/8 9/11 9/20 16/7
 18/11 18/13
**writing [1]**   7/19
**wrong [2]**   11/4 12/19

**Y**

**yeah [6]**   9/6 9/19 9/21
 18/10 21/13 21/14
**Year's [1]**   15/18
**years [2]**   11/2 17/9
**Yep [1]**   21/11
**yes [9]**   8/24 9/14 9/15
 18/20 19/1 19/1 20/21 21/6
 21/11
**you [157]**
**you'll [7]**   8/5 9/22 10/7
 11/5 12/6 13/25 14/11
**you're [32]**
**you've [3]**   8/12 16/23
 16/24
**your [24]**
**Your Honor [4]**   8/25 18/2
 18/19 20/21